# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3640

_____

United States of America,　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　　　　　Appellee,　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　v.　　　　　　　　　　　　*　Appeal from the United States
　　　　　　　　　　　　　　　　　*　District Court for the
Daniel McNeal, also known as　　　 *　District of Minnesota.
Diamond, also known as Daddy,　　　*
　　　　　　　　　　　　　　　　　*　[UNPUBLISHED]
　　　　　　　　Appellant.　　　　　*

_____

Submitted:　December 1, 2008
Filed:　December 4, 2008

_____

Before MELLOY, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Daniel McNeal pleaded guilty to sex trafficking of a minor, in violation of 18 U.S.C. § 1591, and transporting a minor with intent to engage in criminal sexual activity, in violation of 18 U.S.C. § 2423(a). Determining that he qualified as a career offender under U.S.S.G. § 4B1.1(a) and that a downward departure was not warranted, the district court[1] sentenced McNeal to a within-Guidelines-range sentence of 293

_____

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

months in prison. McNeal appeals, arguing that the court did not properly consider the nature and circumstances of his offenses or his history and characteristics.

Contrary to this argument, the record reflects that the district court made "an individualized assessment based on the facts presented," specifically addressing all of McNeal's proffered information in its consideration of the 18 U.S.C. § 3553(a) sentencing factors, and we conclude that the sentence was not unreasonable. See Gall v. United States, 128 S. Ct. 586, 597 (2007) (in reviewing sentence for abuse of discretion, appeals court must first ensure there was no significant procedural error, and then assess substantive reasonableness of sentence); United States v. Haack, 403 F.3d 997, 1004 (8th Cir. 2005) (listing circumstances that may warrant finding of abuse of discretion).

Accordingly, we affirm the sentence. We deny McNeal's motions to expand the record and to file a pro se brief supplementing his counsel's brief, see United States v. Clark, 409 F.3d 1039, 1041 n.2 (8th Cir. 2005).

_____