# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2602

_____

United States of America,

        Appellee,

    v.

Scott Glenn Starfield,
also known as Pinner,

        Appellant.

\*
\*
\*
\*
\* Appeal from the United States
\* District Court for the
\* District of Minnesota.
\*
\*
\*
\*

_____

Submitted: March 9, 2009
Filed:  May 1, 2009

_____

Before MURPHY, MELLOY, and SHEPHERD, Circuit Judges.

_____

MELLOY, Circuit Judge.

Scott Glenn Starfield pleaded guilty to being a drug user in possession of a firearm. The district court[1] sentenced Starfield to 15 months' imprisonment. Starfield appeals his sentence.

Prior to sentencing, the U.S. Probation Office prepared a Presentence Investigation Report ("PSR"). The PSR calculated Starfield's advisory Guidelines

_____

[1] The Honorable Michael J. Davis, Chief Judge, United States District Court for the District of Minnesota.

range to be 12 to 18 months, based on a finding that Starfield's total offense level was 12 and his criminal-history category was II. At sentencing, neither party objected to the PSR's factual statements or Guidelines calculation. The district court adopted the PSR's sentencing calculation and sentenced Starfield to 15 months' imprisonment.

Starfield first argues on appeal that the district court "erred procedurally [at sentencing] by failing to address the parsimony principle and sentencing factors enumerated at [18 U.S.C. § 3553], by failing to acknowledge the advisory nature of the guidelines, and by failing to provide any basis for the imposition of such a harsh sentence." We apply plain-error review to these claims because Starfield did not raise them at sentencing. See United States v. Phelps, 536 F.3d 862, 865 (8th Cir. 2008), cert. denied, 129 S. Ct. 1390 (2009) ("If a defendant fails to timely object to a procedural sentencing error, the error is forfeited and may only be reviewed for plain error."). "Under plain error review, the defendant must show: (1) an error; (2) that is plain; and (3) that affects substantial rights." Id. (citing Johnson v. United States, 520 U.S. 461, 466–67 (1997) and Fed. R. Crim. P. 52(b)). If a defendant shows plain error, "an appellate court may exercise its discretion to correct a forfeited error only if it 'seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" Id. (quoting Johnson, 520 U.S. at 467).

The Supreme Court has stated that "when a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation." Rita v. United States, 127 S. Ct. 2456, 2468 (2007); see also United States v. Roberson, 517 F.3d 990, 994 (8th Cir. 2008) ("The appropriate length of the statement will vary by case and may be relatively brief if the district court rests its decision on the Sentencing Commission's reasoning and 'decides simply to apply the Guidelines to a particular case.'" (quoting Rita, 127 S. Ct. at 2468)). The sentencing judge need only "set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." Rita, 127 S. Ct. at 2468.

Here, the record clearly shows that the district court recited the § 3553(a) factors at sentencing, acknowledged that the Guidelines were advisory, and acknowledged its statutory duty to "impose a sentence sufficient, but not greater than necessary." 18 U.S.C. § 3553(a). Moreover, it is evident from the sentencing transcript that the district court considered the record, heard Starfield's arguments, and specifically considered factors relevant to § 3553(a) as applied to Starfield's individual case. In particular, the district court orally expressed concern with Starfield's failed drug tests while on release, his history of substance abuse, and his involvement with Hell's Outcasts, a motorcycle gang for which Starfield was once the treasurer. The district court specifically indicated that, given Starfield's failed drug tests, probation was likely inappropriate because the court could not have Starfield "on the street and . . . using." The district court also specifically asked about Starfield's prior drug-treatment history, recommended that Starfield be placed in a 500-hour drug-abuse program, and directed Starfield to participate in an approved program for substance abuse. Finally, the district court ordered Starfield not to "associate with any member, prospect, or associate member of Hell's Outcasts" and told Starfield that if he were "found to be in the company of such individuals while wearing the colors, clothing, or insignia of the Hell's Outcasts, the Court [would] presume that this association was for the purpose of participating in unlawful activities."

These statements demonstrate that the district court studied the record, considered the parties' arguments, knew that the Guidelines were advisory, and weighed considerations bearing directly on the statutory commands of § 3553(a). See 18 U.S.C. § 3553(a) (stating that, in imposing sentences, courts "shall consider . . . (2) the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense . . . and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner"); United States v. Gray, 533 F.3d 942, 943 (8th Cir. 2008) ("If a district court references some of the

considerations contained in § 3553(a), we are ordinarily satisfied that the district court was aware of the entire contents of the relevant statute." (internal quotation omitted)). Thus, we are satisfied that the district court committed no procedural error at sentencing.

Starfield also argues that, regardless of procedural error, his sentence is "substantively unreasonable based upon the non-violent nature of the offense and [his] chemical dependency." We review the substantive reasonableness of a sentence under an abuse-of-discretion standard regardless of whether a defendant preserves error. See United States v. Burnette, 518 F.3d 942, 946 (8th Cir.), cert. denied, 129 S. Ct. 138 (2008). A sentencing court abuses its discretion if it "fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. Kowal, 527 F.3d 741, 749 (8th Cir.), cert. denied, 129 S. Ct. 612 (2008) (quotation omitted). Additionally, we "accord . . . a presumption of reasonableness" to sentences, like Starfield's, that are within the appropriate advisory Guidelines range. United States v. Battiest, 553 F.3d 1132, 1136 (8th Cir. 2009) (quotation omitted).

As stated above, the record shows that the district court considered Starfield's substance abuse problems and the PSR, which contained the specific factual circumstances of Starfield's offense. Starfield makes no argument on appeal that the district court gave significant weight to an improper or irrelevant factor. Finally, we see no reason to believe that the district court clearly erred in weighing the sentencing factors. Therefore, we find that Starfield has failed to rebut the presumption that his within-range sentence is reasonable, and we hold that the district court did not abuse its discretion.

Accordingly, we affirm the district court's judgment.

_____

-4-