# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2954

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Trinica James Jordan, | * | |
| | * | [PUBLISHED] |
| Appellant. | * | |

_____

Submitted: May 14, 2009
Filed: July 20, 2009

_____

Before RILEY, SMITH, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Pursuant to a plea agreement, Trinica Jordan pleaded guilty to one count of distribution of 12.17 grams of crack cocaine after having been previously convicted of a felony drug offense, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 851. Jordan disputed the government's contention that he was a career offender under U.S.S.G. § 4B1.1. But the district court[1] found that Jordan was a career offender and determined that his advisory Guidelines range was 262 to 327 months' imprisonment. After denying Jordan's motion for a downward variance from the Guidelines range,

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

the district court sentenced him to 262 months' imprisonment. Jordan appeals, arguing that his sentence is unreasonable. We affirm.

## I. *Background*

Jordan was indicted on one count of distribution of five grams or more of crack cocaine after having been previously convicted of a felony drug offense, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 851. The indictment included notice of Jordan's prior felony drug conviction. Pursuant to a plea agreement, Jordan pleaded guilty to distribution of 12.17 grams of crack cocaine.

The presentence investigation report (PSR) reflected that Jordan had eight adult criminal convictions, resulting in seven scored criminal history points. The PSR stated that Jordan had two prior convictions for a crime of violence and a controlled substance offense. These convictions were for domestic assault and possession with intent to deliver cocaine base. Because of Jordan's prior drug trafficking and domestic assault convictions, the PSR concluded that Jordan was a career offender pursuant to U.S.S.G. § 4B1.1. Jordan also had two other felony drug cases pending in state court at the time of sentencing. The PSR also noted Jordan's numerous violations of probation or unsatisfactory behavior while under court supervision. It placed Jordan at a total offense level 34, criminal history category VI, for an advisory Guidelines range of 262 to 327 months' imprisonment.

Jordan contested whether his prior drug felony and domestic abuse convictions should be considered separate predicates for career offender purposes and requested that the district court vary downward from the Guidelines range. The district court found that Jordan was a career offender because the prior drug felony and domestic abuse convictions were separate convictions. The district court also rejected Jordan's request for a downward variance, stating:

All right. Then the Court is ready to make its findings. In arriving at a disposition, the Court is required, and the Court has in this case, considered all of the statutory factors that apply under 18, United States Code, Section 3553(a). The only factor that does not apply is the restitution factor. Society as a whole is victimized by drug dealing such as Mr. Jordan's criminal conduct.

\*\*\*

The Court has considered the kinds of sentences available under the statute of conviction and, of course, we have a mandatory minimum in this case as discussed earlier of ten years. The Court has considered the nature and circumstances of the offense and the history and characteristics of the defendant. Mr. Jordan is age 33. He has an eighth grade education. He has two dependent children.

In looking at his criminal history, there were several significant instances of criminal conduct that resulted in convictions that were not scored in arriving at the advisory guideline sentence. He would have been a Criminal History Category IV but for the career offender as noted in paragraph 74, but in figuring in Criminal History IV, the following offenses were not taken into consideration. Paragraph 38, disturbing the peace, resistance to arrest. Paragraph 39, public intoxication, loitering, carrying a concealed weapon. Paragraph 40, loitering. Paragraph 41, public drunkenness and loitering. And paragraph 42, operating while intoxicated, first offense.

Defendant is a repeat domestic abuser. I counted three convictions for hitting his female victim, J.P., in the face. Violated no contact orders, and I would hasten to add all of this occurred before the brain injury in 2002. Defendant has been an abuser of substances his whole life. Began using alcohol at age 13. He was a problem drinker. Marijuana since age 14. Other street drugs. This is not something that came on suddenly after a brain injury. He's had substance abuse treatment. At the time of his arrest, he was a daily consumer of alcohol, marijuana, and crack. He has a learning disability with some memory loss and limited lawful employment.

-3-

The Court has considered all of the other statutory factors even though I'm not going to dictate those into the record this morning and I have carefully considered defendant's request for a variance for the reasons stated in court and Ms. Ableidinger's sentencing memorandum.

I think it's interesting and important to note here that defendant's criminal conduct did not start when he had his brain injury. He has a long and serious criminal history outlined from paragraph 38 to paragraph 69. As noted, about five or six of those crimes were not scored under the advisory guidelines because of the age of the conviction. There's simply no credible evidence that his brain injury had anything to do with his commission of the instant offense. Further, there's no evidence that the Bureau of Prisons cannot adequately handle any treatment needs that he may have or that the court, on his release from imprisonment, could not get services to him.

This is not a novel case. Defendant's arguments apply to most of the defendants that I see who are here on similar offenses. The Court finds that it would violate the provisions of 18 United States Code Section 3553(a) to grant a variance and I deny the motion for variance. I find that the appropriate disposition is within the advisory guideline range.

The district court then imposed a sentence at the bottom of the Guidelines range of 262 months' imprisonment.

## II. *Discussion*

Jordan asserts that his sentence is unreasonable because his status as a career offender was based on decade-old drug and domestic assault convictions and the sentence imposes punishment that is greater than necessary. According to Jordan, the age and nature of these predicate offenses, as well as his youth at the time of their commission, made it unreasonable for the district court to impose the career offender level of punishment. Applying the career offender enhancement more than doubled the otherwise applicable sentence for Jordan's underlying drug offense. Jordan contends that the career offender enhancement overstates the seriousness of his

criminal history. He does not argue that the district court erred in applying the career offender enhancement but rather argues that the district court should have varied from the Guidelines range after applying the enhancement based on his youth, the age of the predicate offenses, his mental impairment, and substance abuse.

> "[A]ppellate review of sentencing decisions is limited to determining whether they are 'reasonable.'" *Gall v. United States*,___U.S.___, 128 S. Ct. 586, 594, 169 L. Ed. 2d 445 (2007). We review the reasonableness of a sentence under a "deferential abuse-of-discretion standard." *Id.* at 591.
>
> Applying *Gall*, we "'first ensure that the district court committed no significant procedural error'" at sentencing. *United States v. Shy*, 538 F.3d 933, 937 (8th Cir. 2008) (quoting *Gall*, 128 S. Ct. at 597). "If the decision was 'procedurally sound,' we then review the 'substantive reasonableness of the sentence' . . . considering the totality of the circumstances." *Id.* "[I]n determining whether the district court considered the relevant factors in a particular case, 'the context for the appellate court's review is the entire sentencing record, not merely the district court's statements at the hearing.'" *United States v. Gray*, 533 F.3d 942, 944 (8th Cir. 2008) (quoting *United States v. Perkins*, 526 F.3d 1107, 1111 (8th Cir. 2008)).

*United States v. Battiest*, 553 F.3d 1132, 1135 (8th Cir. 2009).

"Where, as here, the sentence imposed is within the advisory guideline range, we accord it a presumption of reasonableness." *Id.* at 1136 (internal quotations, alterations, and citations omitted). Such presumption "may be rebutted by reference to the statutory sentencing factors found in 18 U.S.C. § 3553(a)." *Id.* (internal quotations, alterations, and citation omitted). When "the record reflects that the district court made 'an individualized assessment based on the facts presented,' specifically addressing [the defendant's] proffered information in its consideration of the 18 U.S.C. § 3553(a) sentencing factors," this court will conclude that the sentence imposed was

not unreasonable. *United States v. McNeal*, 301 Fed. Appx. 573, 573 (8th Cir. 2008) (unpublished) (quoting *Gall*, 128 S. Ct. at 597).

Here, the district court sentenced Jordan at the bottom of the applicable Guidelines range, so we afford the sentence a presumption of reasonableness. Furthermore, the district court committed no error—procedural or substantive—in fashioning Jordan's sentence. The district court's sentencing colloquy sufficiently explained its rationale for imposing the Guidelines sentence. After calculating the applicable Guidelines range, the district court stated that it had "considered all of the statutory factors" under § 3553(a). It specifically recounted Jordan's criminal history, noting "several significant instances of criminal conduct that resulted in convictions that were not scored in arriving at the advisory guidelines sentence." The court also noted that Jordan was a repeat domestic abuser, began using alcohol at the age of 13, began using marijuana at the age of 14, and used other street drugs. The court specifically stated that it had read and considered Jordan's sentencing memorandum in support of a downward variance but that the present case was not "novel" and that Jordan had a "long and serious criminal history." Jordan argues that the district court abused its discretion by failing to mitigate punishment in light of the unreasonably harsh impact of the career offender enhancement. Certainly, a lesser sentence was within the circumference of the district court's discretion, but, given Jordan's extensive criminal history, we cannot say that the district court abused its discretion by imposing a sentence of 262 months' imprisonment.

III. *Conclusion*

Accordingly, we affirm the judgment of the district court.

_____