# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1100

_____

United States of America,         *
          *
        Appellee,        *
          *   Appeal from the United States
      v.           *   District Court for the
          *   District of Nebraska.
Calvin Williams,        *
          *     [PUBLISHED]
        Appellant.      *

_____

Submitted: October 23, 2009
Filed: March 19, 2010

_____

Before RILEY, SMITH, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Calvin Williams pleaded guilty to one count of conspiracy to distribute crack cocaine, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2, pursuant to a plea agreement. After granting Williams's motion for a downward departure, the district court[1] sentenced Williams to 235 months' imprisonment based upon his status as a career offender. Williams appealed, and we remanded for resentencing in light of _United States v. Booker_, 543 U.S. 220 (2005). On remand, the district court sentenced Williams to 144 months' imprisonment pursuant to a plea agreement. Subsequently,

---

[1]The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska.

Williams sought a further reduction in sentence based upon amendments to the United States Sentencing Guidelines for crack cocaine offenses. The district court denied the reduction based upon his career offender status. Williams now appeals arguing that he was not actually sentenced as a career offender. We affirm.

## I. *Background*

In his original sentencing, Williams contested his classification as a career offender. At the resentencing hearing, the district court found that Williams's base offense level was 37 based on his status as a career offender. The district court did, however, find that Williams's criminal history was overstated and reduced his criminal history classification to category V. This placed Williams's sentencing range at 235 to 293 months' imprisonment. Absent the career offender enhancement, Williams's sentencing range after the criminal history reduction would have been 210 to 262 months' imprisonment. The district court also overruled Williams's objection that the Guidelines were unconstitutional. The court then sentenced Williams to 235 months' imprisonment.

Following imposition of his initial sentence, we filed an opinion in *United States v. Mooney*, No. 02-3388, 2004 WL 1636960 (8th Cir. July 23, 2004), *vacated and reh'g en banc granted*. Based on *Mooney*, Williams filed a motion to stay the entry of his judgment. The district court granted the motion and set the case for further sentencing on September 3, 2004. Prior to the new sentencing hearing date, this court vacated the decision in *Mooney*. On September 3, 2004, the district court lifted the stay previously imposed and pronounced its previous sentence of 235 month's imprisonment.

Williams appealed the constitutionality of his sentence, and in light of the decision in *Booker*, we remanded his case for resentencing. Prior to Williams's resentencing, the parties entered into a new written plea agreement. This plea agreement provided that Williams would be sentenced to 144 months' imprisonment

and that he would waive any right to appeal his conviction and sentence in any post-conviction proceedings. The district court accepted the plea agreement and sentenced Williams to 144 months' imprisonment.

On November 1, 2007, new amendments to the Guidelines went into effect which lowered the sentencing ranges for crack offenses by two levels. On December 11, 2007, the United States Sentencing Commission voted to make the two-level reduction retroactive. On September 9, 2008, Williams filed a motion seeking a modification of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and requesting an evidentiary hearing. The district court denied Williams's request for an evidentiary hearing on his motion to reduce his sentence and ruled that the modifications to the Guidelines did not apply to his case because he was sentenced as a career offender.

## II. *Discussion*

On appeal, Williams maintains that the district court erred in concluding that he was sentenced as a career offender and thus ineligible for a sentence reduction pursuant to the modifications to the Guidelines. Williams argues that the new amendments to the sentencing Guidelines apply to him because his sentence was based on U.S.S.G. § 2D1.1 and not on the career offender statute.

A district court's legal conclusion regarding its authority to reduce a sentence is reviewed de novo. *United States v. Kelley*, 956 F.2d 748, 751 (8th Cir. 1992). "[T]he extent of a downward departure in the defendant's favor lies within the district court's discretion and is virtually unreviewable on a defendant's appeal, absent an unconstitutional motive animating the district court." *United States v. Dalton*, 478 F.3d 879, 881 (8th Cir. 2007).

We hold that Williams is not entitled to a further sentence reduction under the modified crack cocaine Guidelines. Although it is not entirely clear whether the district court sentenced Williams as a career offender or simply found that he fit that

status, that issue is not dispositive because we find that Williams's sentence was based on a binding Rule 11(c)(1)(C) plea agreement.

Williams does not contend that his plea agreement was not under Rule 11(c)(1)(C) or dispute its binding nature. Consequently, our recent decision in *United States v. Scurlark*, 560 F.3d 839 (8th Cir. 2009) controls. In *Scurlark* we stated:

> [Once the court accepted the agreement] [u]nder Rule 11(c)(1)(C), the court therefore was bound to sentence Scurlark pursuant to the terms of the parties' agreement, and § 3582(c)(2) became inapplicable because Scurlark's sentence was based on the agreement and not a sentencing range that had subsequently been lowered by the Sentencing Commission.

*Id.* at 842. (internal quotations, alterations, and citations omitted). We further found that "a plea agreement under Rule 11(c)(1)(C), like all plea agreements, is binding on both the government and the defendant, but Rule 11(c)(1)(C) plea agreements are unique in that they are also binding on the court after the court accepts the agreement." *Id.* (internal quotations, alterations, and citations omitted). Williams's plea agreement is similarly binding and is not subject to § 3582(c)(2).

### III. *Conclusion*

The judgment of the district court is affirmed.

_____