# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2793

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Eastern District of Missouri. |
| | * | |
| Waquita Wallace, also known as | * | [PUBLISHED] |
| Goddess, also known as Quita, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: April 16, 2010
Filed: May 13, 2010

_____

Before LOKEN, BRIGHT, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Appellant Waquita Wallace pleaded guilty to one count of sex trafficking by fraud, force, or coercion, in violation of 18 U.S.C. § 1591, after Wallace and her sister imprisoned an 18-year-old woman with mental disabilities and prostituted her. The sentencing court[1] departed upward from the 180-month (15-year) mandatory minimum and imposed a 240-month (20-year) sentence under U.S.S.G. § 5K2.8. Wallace challenges her sentence. We affirm.

_____

[1]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

Wallace first argues the sentencing court procedurally erred by failing to consider the principle that a sentence should be "sufficient, but not greater than necessary." *See* 18 U.S.C. § 3553(a). Wallace contends that the sentencing court disregarded mitigating evidence that she suffered horrible abuse as a child and focused on the aggravating circumstances of the offense.

A sentencing court need not always recite § 3553(a) or use special language when sentencing a defendant. *United States v. Robinson*, 516 F.3d 716, 718 (8th Cir. 2008). "The sentencing judge need only 'set forth enough to satisfy the appellate court that he [or she] has considered the parties' arguments and has a reasoned basis for exercising his [or her] own legal decisionmaking authority.'" *United States v. Starfield*, 563 F.3d 673, 675 (8th Cir. 2009) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)). Of course some circumstances may require lengthier explanation. *See Rita*, 551 U.S. at 356-57. The court must articulate reasons, whether short or long, for a particular sentence. *See id.* at 356 (stating § 3553 calls for the judge to state reasons). The purpose of requiring sentencing courts to articulate the basis of a particular sentence is to assure reviewing courts that the sentencing process is reasoned and to help the sentencing process evolve. *Id.* at 357. The parties and counsel are entitled to an appropriate explanation of the sentence. *See id.* at 356-58.

In the record of this case, the sentencing court gave reasons for the sentence. The sentencing court articulated, among other things, that incarceration would permit Wallace to address substance abuse and mental health issues. The court also discussed Wallace's lack of criminal history but observed that Wallace's crime was an "extremely horrible offense." The court noted that the abuse in Wallace's background provided "insight" into her character, but did not excuse her mistreatment of the victim. The court did not recite each § 3553 factor, however it explained Wallace's conduct and background in light of the § 3553 factors. *See id.* at 356 (stating § 3553 requires courts to state the reasons for imposing a particular sentence but does not require a "full opinion" in every case). On this record, we cannot say the

district court procedurally erred because the judge made an "individualized assessment based on the facts presented." *Gall v. United States*, 552 U.S. 38, 50 (2007).

Wallace next argues that her sentence is substantively unreasonable because the district court's above-guideline sentence gave no weight to her substantial mitigating circumstances. Wallace also reasons that her sentence is disparate when compared to the 120-month sentence in *United States v. Scott*, 529 F.3d 1290 (10th Cir. 2008). We review the substantive reasonableness of a sentence for abuse of discretion. *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc); *see also United States v. Chase*, 451 F.3d 474, 481 (8th Cir. 2006) (considering departure under § 5K2.8).

Wallace faced a statutory 15-year mandatory minimum for her crime, and the district court determined that Wallace's conduct warranted an upward departure under U.S.S.G. § 5K2.8. Section 5K2.8 provides that a sentencing court may increase a sentence above the guideline range where a defendant's conduct was "unusually heinous, cruel, brutal, or degrading to the victim." U.S.S.G. § 5K2.8. Here, the district court adopted the PSR, which documented Wallace using a knife and cigarette lighter to inflict injuries on her victim's exposed breasts; tying her victim to a chair and leaving her with a rag in her mouth; forcing her victim to drink a cup of urine and perform an act of bestiality. The court reasoned that the "extreme nature" of the abuse warranted an above-guideline sentence. The sentencing court also referred to the mitigating evidence presented by Wallace. Although the sentence is well above the guidelines, we cannot say the district court abused its discretion.

The judgment of the district court is affirmed.

_____