# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1596

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Glen David Holifield, | * | |
| | * | [UNPUBLISHED] |
| Defendant - Appellant. | * | |

_____

Submitted: September 20, 2010
Filed: September 29, 2010

_____

Before BYE, BEAM, and SMITH, Circuit Judges.

_____

PER CURIAM.

Glen D. Holifield pleaded guilty to the offense of being in possession of pseudoephedrine with intent to manufacture methamphetamine in violation of 21 U.S.C. § 841(c)(1). The district court[1] calculated an advisory Guidelines sentencing range of 151 to 188 months, based in part on Holifield's status as a career offender, and sentenced him to a 151-month term of imprisonment. Holifield appeals claiming the district court procedurally erred when it failed to adequately respond to arguments

_____

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri.

raised in his sentencing memorandum, and that the sentence is substantively unreasonable.

In reviewing a district court's sentence, we first ensure that the district court committed no significant procedural error. Gall v. United States, 552 U.S. 38, 51 (2007). A district court commits procedural error if it fails to consider the § 3553(a) factors or fails to adequately explain the chosen sentence. See id. Holifield claims that the district court failed to consider and respond to the arguments raised in his sentencing memorandum, including arguments based on § 3553(a). Because Holifield failed to object at the time of sentencing, we review his claim for plain error, only reversing the sentence if the court committed error, that is plain, that affects his substantial rights, and that seriously affects the fairness, integrity, or public reputation of judicial proceedings. See United States v. Starfield, 563 F.3d 673, 674 (8th Cir. 2009).

We conclude the district court did not commit plain error in failing to explicitly address the defendant's arguments. Typically, when a defendant raises non-frivolous arguments for a variance, the court will explain why it has rejected those arguments. United States v. Gray, 533 F.3d 942, 944 (8th Cir. 2008) (citing Rita v. United States, 551 U.S. 338, 339 (2007)). However, we have stated the district court need only "set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." United States v. Robinson, 516 F.3d 716, 718 (8th Cir. 2008). The context of our review is based on the entire sentencing record, not merely the district court's statements at the hearing. Gray, 533 F.3d at 946. We are satisfied based on our review of the record in this case that the district court was aware of, and adequately considered, the defendant's arguments and the § 3553(a) factors despite failing to explicitly address them. The district court in this case stated before sentencing, "I've received your sentencing memorandum and reviewed that closely," and thus considered and implicitly rejected the defendant's arguments when it imposed

an enhanced sentence. See United States v. Barron, 557 F.3d 866, 869 (8th Cir. 2009) (concluding the district court adequately considered defendant's arguments, despite not expressly rejecting them, because the court stated it studied the memorandum setting forth the argument). Further, at the time of sentencing, the court referred to the provisions of § 3553(a) and extensively discussed the seriousness of Holifield's criminal and drug history, acknowledging that his prior offenses, time in prison, and failed attempts to overcome his drug addiction are "why the sentencing guidelines are so high." Gray, 533 F.3d at 946 (concluding the district court adequately considered the § 3553(a) factors, even absent an express reference to them, in light of court's extensive discussion of defendant's history and the nature of his offenses). Although the district court did not expressly address Holifield's arguments or the § 3553(a) factors, we are satisfied the court adequately considered them and did not plainly err.

Finding no procedural error, we now consider Holifield's claim his sentence is substantively unreasonable. See Gall, 552 U.S. at 51. We review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard. Id. Because Holifield's sentence was within the Guidelines range, we presume it is substantively reasonable. See United States v. Milk, 447 F.3d 593, 603 (8th Cir. 2006). However, a district court abuses its discretion if it "fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error in judgment in weighing those factors." United States v. Kowal, 527 F.3d 741, 749 (8th Cir. 2008). Holifield claims the district court erred in weighing proper factors, including his career offender status.[2] He asserts the court should have

---

[2]Holifield challenges the application of the career offender enhancement as a procedural error, but we conclude it is more appropriately part of his argument that the sentence is substantively unreasonable because the record conclusively establishes Holifield's career offender status. See United States v. Jordan, 573 F.3d 586, 589-90 (8th Cir. 2009) (treating defendant's claim that the district court erred in not granting a variance from a sentence based in part on defendant's status as a career-offender as

mitigated his sentence based on his substance abuse problems and the low severity of his prior offenses. He also argues that applying the career offender enhancement made his sentence greater than necessary to achieve the purposes of sentencing. Holifield argues the recommended Guidelines range without the career offender enhancement, 57 to 71 months, would be more appropriate.

The record indicates the district court addressed Holifield's substance abuse problems, considered his criminal history, the nature of his prior offenses, and, weighing only proper factors, sentenced Holifield at the bottom of the applicable Guidelines range. See Starfield, 563 F.3d at 676 (concluding court did not err in weighing factors and imposing a sentence within the Guidelines range when it considered defendant's substance abuse problems, the Presentence Investigation Report, and the factual circumstances of the defendant's offense). We see no reason to conclude the district court erred in weighing the sentencing factors, including applying the career offender enhancement, and Holifield has failed to rebut the presumption that his within-range sentence is reasonable.

Accordingly, we affirm.

_____

a challenge to the sentence's substantive reasonableness given that defendant indisputably qualified as a career offender).

-4-