# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1660

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Kalin Thanh Dao, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: November 19, 2010
Filed: May 6, 2011

_____

Before MURPHY, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

Kalin Thanh Dao pleaded guilty to conspiracy to commit mail and wire fraud, in violation of 18 U.S.C. §§ 1341, 1343, and 371, and money laundering, in violation of 18 U.S.C. § 1957. The district court[1] sentenced Dao to 24 months' imprisonment on the fraud count and 120 months' imprisonment on the money-laundering count, to be served consecutively. On appeal, Dao argues that the district court abused its discretion by imposing a substantively unreasonable sentence. For the following reasons, we affirm.

_____

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

## I. *Background*

From approximately April 2006 until September 2008, Dao defrauded individuals using a variety of investment devices. Through several different corporations, Dao sold investment programs, representing to investors that these programs would involve securities, real estate, entertainment, promotions and commodities investments. She further represented to investors that they would receive substantial returns and that their principal would be safe from loss. Rather than investing these investors' funds, Dao diverted substantial sums for her own purposes and used funds from new investors to make "lulling payments" to existing investors, in order to create the appearance of investment gains.

On December 18, 2006, Dao entered into a consent order with the Minnesota Department of Commerce, which prohibited Dao and her corporate entity from selling securities without a license. Despite this prohibition, on January 24, 2007, Dao resumed selling investments through a new corporation; ten months later, she incorporated another company to sell more investment products. On December 15, 2007, Dao conducted an investors' meeting at the MGM Casino in Las Vegas. The meeting, which an undercover law enforcement agent attended and recorded, lasted approximately two to three hours. Dao made a 30- to 45-minute presentation, in which she detailed her supposed investment programs and their performance, using a variety of visual aids.

Dao was charged in a 50-count indictment on February 19, 2009. On May 28, 2009, Dao pleaded guilty, pursuant to a written plea agreement, to one count of conspiracy to commit wire and mail fraud and one count of money laundering. In her plea agreement, Dao reserved the right to make several sentencing arguments. The presentence investigation report (PSR) calculated an advisory Guidelines range of 151 to 188 months' imprisonment. The PSR also calculated that Dao owed $7,196,151 in restitution.

Prior to the sentencing hearing, Dao urged the court to vary downward from the applicable Guidelines range to a sentence of 72 months' imprisonment. In support, Dao first challenged the legitimacy of the Guidelines for fraud crimes, asserting that they are not based on "empirical data" and are frequently ignored by sentencing judges. Second, Dao argued that empirical data undermines the rationale behind the Guidelines for fraud crimes—that they serve as a deterrent for other white collar crimes. Third, she argued that her age and lack of a criminal history suggested little risk of recidivism. Finally, she argued that her medical conditions would make her prison sentence substantially more difficult and painful than a similar sentence for an able-bodied person. Dao detailed her medical history, including her history of polio, post-polio syndrome, spinal stenosis, problems with her neck and back, migraine headaches, and severe psoriasis. Dao also contended she had a propensity to fall and would require assistance with everyday life activities. As a result, she doubted that the Bureau of Prisons would be able to provide adequate care.

At the sentencing hearing, the district court calculated an adjusted offense level of 32 and a criminal history category of I, yielding an advisory Guidelines range of 121 to 151 months' imprisonment. Next, the district court considered Dao's argument for a downward variance to 72 months' imprisonment. The court noted that it had received three character letters from Dao's family members, and the court allowed a friend of Dao's to testify on Dao's behalf. The court then heard arguments from Dao and the government that mirrored the arguments they made in their pre-hearing position papers. Before announcing the sentence, the court addressed Dao's arguments for a variance.

The court first addressed Dao's risk of recidivism. The court noted that it had listened to the recording of Dao's presentation at the Las Vegas investors' meeting, which "le[d] [the court] to be concerned about what the future might hold in terms of recidivism because that's not an ability—that performance in fraud is not something that everybody has the ability to do." Later, the court said:

As to your ability to recidivate, it's hard to predict the future. . . .

But the most worrisome thing to me about whether or not you're going to be returning to a law-abiding lifestyle when you get out is the fact that the state tried to stop you. They said you can't do this. And your response was to go right out and do it on a grander scale under a different corporate name.

. . . . They said stop. You didn't stop. You just kept going. So why should I think if I say stop you'll stop, but maybe you will, and maybe you won't.

But, hopefully, the sentence that I'm going to give you today will maximize the chances that you will not do this again.

Next, the court considered the appropriateness of the Guidelines for fraud crimes and whether other sentencing judges were accepting or rejecting them. The court explained:

We've got guidelines and we have guidelines that are meant to be helpful in some way in determining an appropriate sentence for someone who engages in a massive fraud scheme like you have. There are some people who think there shouldn't be prison for white collar defendants.

* * *

So there are opinions all over the map on what the right sentence should be. But it is not the case that the white collar guidelines are the subject of wholesale revolt on the part of the bench.

And, in fact, I looked, and I saw the sentencing statistics, and most judges do sentence within the guideline range on fraud cases. So the fact that there [are] some who sentence higher, some who sentence lower, is not something that is particularly persuasive to me. I take it all into account.

-4-

The court then addressed the need for deterrence in fraud sentences and, generally and specifically with respect to Dao, stated its belief that "a very low sentence will not serve the purpose of deterrence, and it is not an appropriate punishment for the crime that you committed because it's a very serious crime. It's deserving of a very serious sentence."

Finally, the court addressed Dao's medical needs, stating:

> It's true, as your lawyer says, that time in prison for you is going to be different than time in prison is for an able-bodied person. No doubt you will be incarcerated at Carswell. I've read the statements of the medical people there who indicate that they will be able to handle your medical situation.[2] That they in fact have a lot of people there who have even more serious physical challenges than you do. So that will be taken into account. But yes, the time will be different. Whether it's harder, I don't know. But it certainly is going to be different time.

After announcing that it would sentence Dao to 144 months' imprisonment, the court explained that "what I intend to do with this is to punish you appropriately, but give you the opportunity to change your life and to impose conditions of supervised release that are going to help you to get there." The court also sentenced Dao to three years' supervised release, to follow her term of imprisonment, and ordered Dao to pay $7,196,151.09 in restitution.

## II. *Discussion*

Dao argues that the district court abused its discretion by imposing a substantively unreasonable sentence. First, she argues that the court failed to give "serious consideration" to her arguments based on her medical conditions. Second, she

---

[2]Prior to the sentencing hearing, the government produced two declarations from the Bureau of Prisons attesting to the bureau's ability to accommodate Dao at the Federal Medical Center (FMC) Carswell facility in Fort Worth, Texas.

contends that the court gave "undue weight to its perception for the need for a longer prison sentence in order to deter Ms. Dao and others from future criminal conduct." On this point, Dao maintains that the court unreasonably concluded that she posed a risk of recidivism. Dao contends that the district court ignored the evidence she presented to show that longer sentences do not serve as a greater deterrent and instead relied on its own anecdotal experience. Finally, Dao contends that her sentence was greater than necessary to accomplish the goals of federal sentencing.

"When we review the imposition of sentences, whether inside or outside the Guidelines range, we apply a deferential abuse-of-discretion standard." *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (quotations and citations omitted). "We 'must first ensure that the district court committed no significant procedural error,'" including "'failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range.'" *Id.* (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)).

Because Dao has not alleged any form of procedural error, "we bypass the first part of our review and move directly to review the substantive reasonableness of [her] sentence." *United States v. O'Connor*, 567 F.3d 395, 397 (8th Cir. 2009). We review the substantive reasonableness of the sentence imposed using a deferential abuse-of-discretion standard. *Feemster*, 572 F.3d at 461. In making this determination, we must "take into account the totality of the circumstances." *Gall*, 552 U.S. at 51. If the sentence imposed is within the advisory Guidelines range, we "may, but [are] not required to, apply a presumption of reasonableness." *Id.* In any case, our substantive review of Dao's sentence is "narrow and deferential." *Feemster*, 572 F.3d at 464. The district court should make "an individualized assessment based on the facts presented, specifically addressing the defendant's proffered information in its consideration of

-6-

the 18 U.S.C. § 3553(a) sentencing factors." *United States v. Jordan*, 573 F.3d 586, 590 (8th Cir. 2009) (internal quotations, citations, and alterations omitted).

The district court did not abuse its discretion in sentencing Dao to 144 months' imprisonment. First, the court imposed a sentence within the applicable Guidelines range based on its consideration of several of the § 3553(a) factors. The record reflects that the court considered "the nature and circumstances of the offense and the history and characteristics of the defendant"; "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct . . . to protect the public from further crimes of the defendant . . . [and] to provide the defendant with needed . . . medical care"; and "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a)(1), (2)(B), (2)(C), (2)(D), and (7). On this record, we presume Dao's sentence to be reasonable.

Moreover, the record reflects that the district court carefully considered each of the arguments Dao raised in her pre-hearing position paper and at the sentencing hearing. The court considered whether Dao's medical conditions warranted a more lenient sentence but concluded, based on the evidence, that the Bureau of Prisons would be able to accommodate Dao's medical needs. Additionally, the court found Dao's fraudulent activities, especially the resumption of her scheme after entering into a consent decree with the state of Minnesota, demonstrated that Dao would likely recidivate. Although the court may not have addressed, at the hearing, some of Dao's sub-arguments on sentence duration (such as her evidence that longer sentences do not serve as a greater deterrent), we discern no abuse of discretion. *Cf. United States v. Miles*, 499 F.3d 906, 909–10 (8th Cir. 2007) (finding that although the sentencing court did not discuss certain issues at the hearing, the fact that the parties argued those issues at the hearing demonstrates that the court properly considered those issues). Finally, the record reflects that the court imposed a sentence that it believed to be sufficient but not greater than necessary to accomplish the statutory purposes of § 3553(a). The court stated that its sentence would appropriately punish Dao while

giving her time and assistance (i.e., supervised release) to turn her life around upon the completion of her sentence. We conclude that the district court made a proper individualized assessment of Dao and did not abuse its discretion in imposing its sentence.

### III. *Conclusion*

Accordingly, we affirm the judgment of the district court.

_____