# United States Court of Appeals
### For the Eighth Circuit

_____

No. 12-1241

_____

United States of America

*Plaintiff - Appellee*

v.

Demetrius Darnell Thomas

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: October 15, 2012
Filed: November 15, 2012
[Unpublished]

_____

Before BYE, BEAM, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Demetrius Darnell Thomas pled guilty to conspiracy to commit bank fraud in violation of 18 U.S.C. §§ 1344 and 1349.  The district court[1] sentenced him to 96

---

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

months imprisonment. Thomas appeals his sentence, arguing (1) the district court committed procedural error by not fully considering all the 18 U.S.C. § 3553(a) factors and explaining the basis for its sentencing decision; (2) his sentence is substantively unreasonable because, in calculating a downward departure, the district court failed to consider the risk of injury to Thomas as a result of his assistance to the government and his willingness to testify in an unrelated state murder trial; and (3) his sentence is substantively unreasonable and deprives him of due process because it is much greater than those of his co-defendants. We have jurisdiction over this appeal under 28 U.S.C. § 1291, and we affirm.

I.

Thomas pled guilty to conspiracy to commit bank fraud in connection with a credit card skimming scheme. His Presentence Investigation Report ("PSR") identified him and one co-defendant as "a manager or supervisor of criminal activity that involved five or more participants." The PSR also calculated a total of 36 criminal history points, placing Thomas in the highest possible criminal history category of VI.[2] See United States Sentencing Commission, Guidelines Manual, Ch.5, Pt.A. The PSR stated Thomas's "guideline range for imprisonment is 130 to 162 months." Although Thomas initially objected to portions of the PSR, he withdrew all objections at his sentencing hearing.

At sentencing, the district court adopted the PSR after confirming neither party had any objections. The court stated the advisory guideline range was 130 to 162 months but then noted the government had filed a motion for a downward departure

---

[2]At the sentencing hearing and in its brief before this Court, the government stated Thomas had 34 criminal history points. This discrepancy is irrelevant since 13 or more criminal history points place a defendant in category VI. See USSG Ch.5, Pt.A.

from this range based on substantial assistance under USSG § 5K1.1, p.s.[3]  Thomas argued the court should begin its downward departure analysis based on a starting point of 130 months, while the government argued for a starting point of 162 months. The court ultimately determined the appropriate pre-departure sentence under the guidelines was 145 months and then granted a downward departure based on substantial assistance, resulting in a sentence of 96 months.

## II.

"We review a district court's sentence for abuse of discretion." United States v. David, 682 F.3d 1074, 1076 (8th Cir. 2012). "In conducting our analysis, we must first ensure that the district court committed no significant procedural error, such as failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." United States v. Statman, 604 F.3d 529, 533 (8th Cir. 2010) (internal quotation and alteration marks omitted). "In determining whether a district court committed procedural error, we do not require a district court to provide a mechanical recitation of the § 3553(a) factors . . . . Rather, it simply must be clear from the record that the district court actually considered the § 3553(a) factors in determining the sentence." United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (internal quotation and alteration marks omitted). "If the decision is procedurally sound, we review the

---

[3]Both parties agreed with the district court's statement at sentencing that the proper sequence of analysis was for the district court "to calculate the advisory guideline range, and then apply the 3553(a) factors to determine what would be the appropriate sentence under that scenario.  Reach a number that says that the appropriate sentence should be X, and then separately take up the issue of the Defendant's substantial assistance and determine how far below what otherwise would be the sentence should the sentence be based upon my evaluation of the substantial assistance . . . ."  We have upheld sentencing determinations where the district court used this sequence of analysis. See United States v. King, 627 F.3d 321, 322-23 (8th Cir. 2010).

substantive reasonableness of the sentence, considering the totality of the circumstances." David, 682 F.3d at 1077. With respect to substantive reasonableness, "[a] district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." Feemster, 572 F.3d at 461 (internal quotation marks omitted).

## A.

Thomas first argues the district court erred procedurally by not fully considering all the section 3553(a) factors and explaining the basis for its sentencing decision. More specifically, Thomas argues the district court erred by failing to explain why it chose 145 months as the starting point for its sentencing departure. Because Thomas did not raise this issue at sentencing, we review the district court's procedural analysis for plain error. See United States v. Starfield, 563 F.3d 673, 674 (8th Cir. 2009). "Under plain error review, the defendant must show: (1) an error; (2) that is plain; and (3) that affects substantial rights." Id. (internal quotation marks omitted).

Thomas is not entitled to relief because he cannot show the district court committed any procedural error, much less plain error. Neither party objected to the PSR at sentencing, and the district court adopted the PSR as its findings. The parties agreed at sentencing, and continue to agree on appeal, that the appropriate sentencing range under the Guidelines was 130 to 162 months. Each party had the opportunity to explain its reasons for its suggested starting point, and the court also gave Thomas the opportunity to speak about his life experiences. After listening to all of this, the court listed all the section 3553(a) factors, stated it had "taken all of those into account," and determined "the sentence here which fits the overall need for a sentence to comply with, be enough and not greater than necessary and fulfill each of the

-4-

separate subparagraphs, is a sentence of 145 months . . . . [T]hat's about the mid-range of the advisory guidelines range." This record establishes the district court properly considered all of the section 3553(a) factors in the context of Thomas's particular case and adequately explained that in light of those factors, 145 months was the appropriate starting point for its departure analysis. See United States v. Battiest, 553 F.3d 1132, 1136 (8th Cir. 2009) (holding sentencing court did not commit procedural error when record showed court had PSR, heard oral argument from both parties, and was aware of section 3553(a) factors).

B.

Thomas next argues his sentence is substantively unreasonable because the district court failed to consider two relevant factors in determining a downward departure. Specifically, Thomas argues the district court did not consider (1) an injury he suffered and the continuing risk of injury to himself resulting from his assistance to the government in uncovering evidence against other defendants and (2) his willingness to testify in an unrelated state murder trial. Insofar as Thomas appeals the extent of the downward departure, we will not review this claim since Thomas has not alleged the district court acted with an unconstitutional motive. See United States v. Williams, 598 F.3d 963, 965 (8th Cir. 2010) (per curiam) ("The extent of a downward departure in the defendant's favor lies within the district court's discretion and is virtually unreviewable on a defendant's appeal, absent an unconstitutional motive animating the district court." (internal quotation and alteration marks omitted)). However, we review the substantive reasonableness of Thomas's sentence after the departure for abuse of discretion. See United States v. Berni, 439 F.3d 990, 992 (8th Cir. 2006) (per curiam) (noting all sentences are reviewable for substantive reasonableness).

There is no evidence in the record that Thomas told the district court he was injured while in custody, and the district court actually did consider the potential risk

of harm to Thomas as a result of his cooperation. Moreover, Thomas does not dispute the government told him it would not consider his participation in the unrelated murder trial in making its motion for a downward departure, and Thomas's plea agreement stated he "understands that the government is not obligated to accept any tendered cooperation on the defendant's part. If the government, in its sole discretion, chooses not to accept tendered cooperation, the defendant will not be rewarded for such tendered cooperation . . . ." Thus, the district court properly considered all relevant factors and did not abuse its discretion in sentencing Thomas to 96 months imprisonment. See Feemster, 572 F.3d at 461.

C.

Finally, Thomas argues the disparity in sentences between him and his co-defendants makes his sentence substantively unreasonable and deprives him of due process. Under 18 U.S.C. § 3553(a)(6), courts must consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." However, "it is not an abuse of discretion for a district court to impose a sentence that results in a disparity between co-defendants when there are 'legitimate distinctions' between the co-defendants." United States v. Davis-Bey, 605 F.3d 479, 483 (8th Cir. 2010).

Thomas's PSR characterized him as one of only two co-defendants who acted as a manager or supervisor of criminal activity. Although Thomas initially objected to this characterization, he withdrew all objections to the PSR at his sentencing hearing. Moreover, Thomas had an extensive criminal record that resulted in 36 criminal history points, while the other co-defendant who managed or supervised criminal activity had no criminal history points. Thus, there were legitimate distinctions between Thomas and his co-defendants that warranted the sentencing disparities. See id. ("A criminal history difference of twenty-one points is a 'legitimate distinction.'").

-6-

## III.

Accordingly, we affirm.

_____