# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-3058

_____

United States of America

*Plaintiff - Appellee*

v.

Arturo Vaca-Raya, also known as Javier Arandas Lopez, also known as Salvador
Cervantes-Fernandez

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: February 5, 2014
Filed: February 6, 2014
[Unpublished]

_____

Before BENTON, BOWMAN, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Arturo Vaca-Raya directly appeals the sentence the district court[1] imposed after
he pled guilty to possessing with the intent to distribute 500 grams or more of a

_____

[1]The Honorable Jimm Larry Hendren, United States District Judge for the
Western District of Arkansas.

methamphetamine mixture, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii). The court overruled Vaca-Raya's objection to a 2-level increase for maintaining a residence for the purpose of distributing methamphetamine, and the resulting advisory Guidelines sentence was life in prison. *See* U.S.S.G. § 2D1.1(b)(12). After considering the parties' arguments, the presentence report, and the 18 U.S.C. § 3553(a) sentencing factors, the court sentenced Vaca-Raya to 480 months in prison.

On appeal, Vaca-Raya's counsel moves to withdraw and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), in which he argues that the court erred by applying the 2-level drug-house increase, considering convictions from almost 20 years earlier, and imposing the functional equivalent of a life sentence.

After careful review, this court holds that the district court committed no procedural error, and the resulting sentence was not substantively unreasonable. *See United States v. Feemster*, 572 F.3d 455, 461-62 (8th Cir. 2009) (en banc) (appellate court reviews sentencing decision for abuse of discretion, first ensuring that district court committed no significant procedural error, and then considering substantive reasonableness). The district court did not clearly err by finding that Vaca-Raya maintained the residence at 1100 Rhodes Avenue for the purpose of distributing methamphetamine. *See* U.S.S.G. § 2D1.1(b)(12), comment. (n.17) (court should consider extent to which defendant controlled access to or activities at premises); *United States v. Miller*, 698 F.3d 699, 702, 705-06 (8th Cir. 2012) (increase applied where, although it was unclear who owned residence, defendant controlled access to and conducted at least four transactions at residence; factual finding that increase applied is reviewed for clear error). The court also did not plainly err by referring to Vaca-Raya's prior drug-trafficking convictions–which were too old to receive criminal history points–as they formed part of his history and characteristics and were relevant to his knowledge and culpability. *See* 18 U.S.C. §§ 3553(a)(1), (a)(2)(A) (court must consider need for sentence to promote respect for law), 3661 (no limitation shall be placed on information sentencing court can consider concerning background, character, and conduct of defendant); U.S.S.G. § 1B1.4 (same); *United*

*States v. Starfield*, 563 F.3d 673, 674-75 (8th Cir. 2009) (unobjected-to procedural error is reviewed for plain error). Regarding substantive reasonableness, Vaca-Raya received a downward variance, and this court discerns no reason in the record for concluding that the district court should have varied further. *See Feemster*, 572 F.3d at 461-62, 464 (substantive review of sentence is narrow and deferential, and appellate court must give due deference to district court's decision that § 3553(a) factors justify extent of variance); *United States v. Lazarski*, 560 F.3d 731, 733 (8th Cir. 2009) (if district court varies downward from presumptively reasonable Guidelines recommendation, it is "nearly inconceivable" that court abused its discretion by not varying downward further).

This court has reviewed the record independently under *Penson v. Ohio*, 488 U.S. 75, 80 (1988), and finds no nonfrivolous issues for appeal. The judgment is affirmed.

Allowing counsel to withdraw at this time would not be consistent with the Eighth Circuit's 1994 Amendment to Part V of the Plan to Implement The Criminal Justice Act of 1964. Counsel's motion to withdraw is denied without prejudice to counsel refiling the motion upon fulfilling the duties set forth in the Amendment.

_____