# United States Court of Appeals

### For the Eighth Circuit

_____

No. 15-2161

_____

United States of America

*Plaintiff - Appellee*

v.

Mikato Fulks

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: January 15, 2016
Filed: January 21, 2016
[Unpublished]

_____

Before WOLLMAN, ARNOLD, and SMITH, Circuit Judges.

_____

PER CURIAM.

Mikato Fulks directly appeals after he pleaded guilty, pursuant to a written plea agreement, to a felon-in-possession offense, and the district court[1] sentenced him

_____

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

within the Guidelines range to 70 months in prison and three years of supervised release. His counsel has moved to withdraw, and in a brief filed under <u>Anders v. California</u>, 386 U.S. 738 (1967), he challenges the substantive reasonableness of Fulks's sentence. In a pro se supplemental brief, Fulks argues that defense counsel railroaded him, with failed promises of sentencing leniency, into accepting a guilty plea on an unjustly brought charge.

Upon careful review, we conclude that the district court did not abuse its discretion in refusing to vary below the Guidelines range, and that the resulting sentence is not substantively unreasonable. <u>See</u> <u>United States v. Feemster</u>, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (standard of review); <u>United States v. Jordan</u>, 573 F.3d 586, 590 (8th Cir. 2009). As to the pro se arguments, we decline to review any ineffective-assistance claims in this direct criminal appeal, <u>see</u> <u>United States v. Looking Cloud</u>, 419 F.3d 781, 788-89 (8th Cir. 2005); and to the extent Fulks suggests that his guilty plea was involuntary, this newly raised contention is not properly before us, <u>see</u> <u>United States v. Murphy</u>, 899 F.2d 714, 716 (8th Cir. 1990). Finally, having independently reviewed the record pursuant to <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), we find no nonfrivolous issues.

Accordingly, we affirm. Counsel's motion to withdraw is granted.

_____