**UNITED STATES of America, Appellee,**

v.

**Darryl LIVINGSTON, aka Curtis Edwards, Appellant.**

**No. 92–3138.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 18, 1993.

Decided Aug. 13, 1993.

Willis L. Toney, Kansas City, MO, for appellant.

Kathryn M. Geller, Asst. U.S. Atty., Kansas City, MO, for appellee.

Before McMILLIAN, MAGILL and LOKEN, Circuit Judges.

McMILLIAN, Circuit Judge.

Darryl Livingston appeals the 120–month statutory minimum sentence imposed by the district court[1] following his guilty plea to conspiring to distribute phencyclidine (PCP) and money-laundering. For reversal, Livingston argues that the district court erred in concluding it lacked authority to depart below the statutory minimum sentence without a government motion under 18 U.S.C. § 3553(e) specifically requesting such a departure. For the reasons set forth below, we affirm.

A grand jury returned an indictment charging Livingston with conspiring to distribute PCP, using a firearm during and in relation to a drug trafficking offense, and money-laundering. Pursuant to a plea bargain, Livingston agreed to plead guilty to conspiring to distribute in excess of one kilogram of a mixture containing PCP and money-laundering, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846, and 18 U.S.C. § 1956(a)(1)(A), (2). Livingston also promised to "cooperate fully and completely with federal law enforcement authorities concerning his knowledge of and involvement in firearms and drug trafficking activities." In exchange, the government agreed to dismiss the firearm charge and to file "a motion certifying that the defendant has rendered 'substantial assistance' as defined by Section 5K1.1 of the . . . Guidelines." The agreement further provided: *"Defendant understands and agrees that even if the court grants the motion, the court cannot sentence defendant to less than ten years on Count One for a minimum sentence of ten (10) years."*

Livingston complied with the terms of the plea agreement and prior to sentencing, the government filed a motion under U.S.S.G. § 5K1.1, p.s. for departure below the sentencing range of 151 to 188 months. The government suggested the court impose the statutory minimum 120–month sentence. The court stated that, based on Livingston's testimony and the risk to which he exposed himself by testifying, it would depart below the Guidelines range and below the statutory minimum. The government objected, arguing that the court lacked authority to depart below the statutory minimum without a government motion under 18 U.S.C. § 3553(e). The court overruled the objection and sentenced Livingston to seventy-five months.

1. The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

The government then moved for reconsideration of the sentence based on this court's decision in *United States v. Rodriguez–Morales,* 958 F.2d 1441, 1447 (8th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 375, 121 L.Ed.2d 287 (1992), which held that "a sentencing judge may not depart below the statutory mandatory minimum sentence under a government motion pursuant to section 5K1.1 ... for departure based on a defendant's substantial assistance. Only a government motion based on section 3553(e) will allow the court to depart below the mandatory minimum." The district court granted the motion and resentenced Livingston to 120 months. On appeal, Livingston argues that the district court erred by resentencing him, that *Rodriguez–Morales* was wrongly decided, and that section 5K1.1 implements and supersedes section 3553(e).

 We need not address Livingston's arguments because the plea agreement specifically provided that he would be sentenced to a minimum of ten years, even if the court granted the government's section 5K1.1 motion. We have previously held that by consenting to a specific sentence in a plea agreement, the defendant waives the right to challenge that sentence on appeal. *See United States v. Womack,* 985 F.2d 395, 400 (8th Cir.1993); *United States v. Durham,* 963 F.2d 185, 187 (8th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 662, 121 L.Ed.2d 587 (1992); *United States v. Fritsch,* 891 F.2d 667, 668 (8th Cir.1989). We therefore conclude that Livingston has waived his right to challenge the statutory minimum sentence imposed by the district court at resentencing.

Accordingly, we affirm.