# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2851

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Eastern |
| | * | District of Missouri. |
| Darell Edward Davis-Bey, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: April 13, 2010
Filed: May 14, 2010

_____

Before LOKEN, HANSEN, and MELLOY, Circuit Judges.

_____

MELLOY, Circuit Judge.

Pursuant to a plea agreement, Appellant Darell Davis-Bey pleaded guilty to two counts of access device fraud. 18 U.S.C. §§ 1029(a)(2), (a)(3) & (b)(1). Each count carried a statutory maximum ten-year term of imprisonment, and Appellant's undisputed advisory Guidelines range was twenty-four to thirty months' imprisonment. The district court[1] varied upwardly from this advisory range and sentenced him to concurrent sixty-month terms of imprisonment. Appellant argues to our court that his sentence is procedurally and substantively unreasonable. He

_____

[1]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

argues specifically that the district court failed to consider the relative culpability of his accomplice, created an unjustified sentencing disparity relative to his accomplice (who received a term of probation), and made unsupported or inconsistent factual determinations. We affirm.

I.

Appellant and his accomplice, Ryan Branson, used a victim's personally identifying information to obtain $14,000 in credit at a Sears store. They immediately used that credit to purchase $12,000 in gift cards and then attempted to use those gift cards at a different Sears store. Due to suspicions surrounding the initial credit and gift-card transactions, Sears cancelled the gift cards prior to the attempted use. Sears notified police who arrested the men when they attempted to use the cards.

Police then discovered that the men possessed other victims' personally identifying information as well as other fraudulently obtained credit materials. In fact, the men had successfully used falsely obtained credit to spend $250 at an AT&T store. There was no other actual loss resulting from their activities, but the intended loss was substantially higher based on the credit account at Sears and other falsely obtained credit.

Appellant entered into a plea agreement with the government in which the government agreed not to seek a sentence above the Guidelines range. The probation office prepared a presentence investigation report ("PSR") identifying no grounds for an above-range sentence. At a first sentencing hearing, however, the district court advised Appellant that it was considering an upward variance. The court continued the hearing to provide Appellant an opportunity to submit a brief arguing against a variance.

Appellant submitted a brief, asserting that he was the less culpable member of the two-man team and that he, in essence, was a "willing tool of a younger, more sophisticated, criminal who used Appellant as the front man for fraudulent conduct." Appellant described himself generally as a long-time drug addict and a person who is easily led by others. Notwithstanding these assertions, Appellant lodged no objections to the PSR, which stated, "According to the government, Appellant and Branson are equally culpable." Appellant did not assert that he was entitled to a mitigating role adjustment pursuant to United States Sentencing Guidelines § 3B1.2.

At a second sentencing hearing, Appellant admitted to being a drug addict who used drugs over a span of more than thirty years. He stated that he was tired of being an addict, wanted treatment, and wanted to end his pattern of drug abuse and crime. He admitted culpability and stated that he blamed no one other than himself for his decisions and actions. The district court noted that Appellant had an extensive criminal history that reflected primarily thefts and other drug-related crimes consistent with the actions of an addict. The court also noted that he committed several of his earlier offenses after release from prior terms of incarceration. In fact, Appellant committed his present offense at a time when he was less than one year into a three-year term of probation related to a twelve-year suspended sentence for a state drug conviction. The district court observed that this criminal history resulted in a total of twenty-one criminal history points but noted, "what the Sentencing Guidelines don't take into account is what I believe is the persistence and unrelenting criminal conduct that you've engaged in."

The district court ultimately found that Appellant's extensive criminal history coupled with the serious nature of his offense required an upward variance to sixty months' imprisonment. In so holding, the district court referenced the thirty-month term of incarceration provided by the top of the advisory Guidelines range. The court indicated that prior terms of imprisonment longer than thirty months had not produced

a deterrent effect on Appellant and that a longer term was therefore necessary "to achieve the goals of punishment, deterrence, and incapacitation."

After the court announced the sentence, Appellant's counsel raised the issue of the Federal Bureau of Prison's 500-hour Residential Drug Abuse Treatment Program (the "500-hour Program"), asking the court to recommend Appellant for the program. The court then made the requested recommendation and noted Appellant would not be immediately eligible because of a waiting period. The court recommended that Appellant "take advantage of the other drug programs the BOP offers that don't have a waiting period." Prior to counsel's request, the district court had not referenced the 500-hour Program. In fact, at no time during the hearing did the court cite drug-treatment eligibility as general reason for varying upwardly or as a specific reason for selecting the sixty-month sentence.

Appellant's counsel then made arguments to preserve several issues for appeal. He noted that Appellant's accomplice, Branson, received only probation for his convictions stemming from the present offense conduct. Counsel argued that Branson's and Appellant's respective sentences of probation and five-years' incarceration represented an unwarranted sentence disparity.

Subsequently, in the written statement of reasons for Appellant's sentence, the district court noted that a within-Guidelines-range sentence would not have been sufficient to make Appellant eligible for the 500-hour Program.

## II.

Appellant argues to our court that the district court failed to take into account the sentencing disparity between himself and Branson. He also argues that the district court erred in finding that a sixty-month sentence was necessary to make him eligible for the 500-hour Program. Finally, he argues that the district court's sentence of sixty

months is inconsistent with the finding that terms of incarceration longer than thirty months failed to have a deterrent effect on him.

Regarding the purported disparity in sentences, Appellant's argument is twofold. First, he argues the court erred by not finding him less culpable than Branson. Second, he argues that even if the two men were equally culpable, the disparity is unwarranted. Regarding the first argument, the district court accepted the unchallenged PSR as fact, and the PSR stated the men were equally culpable. Appellant makes no additional factual assertions that clearly establish him as less culpable than Branson. He alleges essentially that Branson led him blindly through the criminal activity and that Branson was the mastermind who orchestrated the credit fraud and obtained victims' personally identifying information and false identification materials. Appellant, however, does not deny that he clearly was the "front man" in the dealings with Sears that led to the arrest, and it is apparent his participation was integral to the scheme. The district court simply made no clearly erroneous factual determinations nor abused its discretion in an assessment of culpability. See United States v. Martinez-Hernandez, 593 F.3d 761, 762 (8th Cir. 2010) (reviewing factual determinations for clear error and applications of 18 U.S.C. § 3553(a) for abuse of discretion).

Further, any resulting disparity is not "unwarranted" because Appellant and Branson were not similarly situated defendants. Appellant had twenty-one criminal history points, well over the number needed to place him in the highest criminal history category, Category VI. Branson had no criminal history and therefore zero criminal history points. The sentencing statute, 18 U.S.C. § 3553(a)(6), requires that courts consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." We have expressly held, however, that it is not an abuse of discretion for a district court to impose a sentence that results in a disparity between co-defendants when there are "legitimate distinctions" between the co-defendants. United States v. Watson, 480

F.3d 1175, 1178 (8th Cir. 2007).  A criminal history difference of twenty-one points is a "legitimate distinction."

Appellant's argument regarding eligibility for the 500-hour Program is without merit and refuted by the record.  The district court at no time indicated that it believed the sixty-month sentence was necessary to make Appellant eligible for the 500-hour Program.  The court's only reference to drug treatment eligibility as a rationale for a variance appears in the written statement of reasons, and it speaks generally of an above-range sentence being required for eligibility.  The statement of reasons does not indicate that the need for treatment drove the specific selection of the sixty-month sentence.  Further, we have held that a sentencing court may increase a term of incarceration to address rehabilitative objectives.  See United States v. Hawk Wing, 433 F.3d 622, 630 (8th Cir. 2006).

Finally, Appellant's remaining argument is frivolous.  He asserts that, because the district court observed he was not deterred by prior sentences in excess of thirty months, it was inconsistent to impose longer sentence in this case.  We believe the district court 's comment is clearly and simply an explanation for why a within-range or shorter sentence would have been inadequate in this case.  The district court did not abuse its discretion.

We affirm the judgment of the district court.

_____