# United States Court of Appeals

## For the Eighth Circuit

_____

No. 14-1939

_____

United States of America

*Plaintiff - Appellee*

v.

Jerry Jimenez

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: November 10, 2014
Filed: November 18, 2014
[Unpublished]

_____

Before BYE, SHEPHERD, and KELLY, Circuit Judges.

_____

PER CURIAM.

Jerry Jimenez appeals his sentence of 69 months' imprisonment following his guilty plea to being a felon in possession of a firearm. See 28 U.S.C. § 922(g)(1). Jimenez's presentence investigation report (PSR) determined his total offense level of 21 and criminal history category of IV, yielding an advisory Guidelines range of 57 to 71 months. On appeal, Jimenez asserts that his within-Guidelines sentence is

unreasonable because the district court[1] failed to address his substance abuse and health problems when imposing the sentence. He also argues that the court did not address the disparity between his sentence and the sentence of his co-defendant, Francisco Venegas.

"When we review the imposition of sentences, whether inside or outside the Guidelines range, we apply a deferential abuse-of-discretion standard." United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (quotations omitted). "The district court has wide latitude to weigh the [18 U.S.C.] § 3553(a) factors in each case and assign some factors greater weight than others in determining the appropriate sentence." United States v. Bridges, 569 F.3d 374, 379 (8th Cir. 2009). The court "need not specifically respond to every argument made by the defendant or mechanically cite each § 3553(a) factor." United States v. Struzik, 572 F.3d 484, 487 (8th Cir. 2009) (internal citation omitted). "To determine whether a district court considered the § 3553(a) factors in a given case, we look to 'the entire sentencing record, not merely the district court's statements at the hearing.'" Id. (quoting United States v. Gray, 533 F.3d 942, 944 (8th Cir. 2008)).

After reviewing the record, we conclude that the district court properly considered the 18 U.S.C. § 3553(a) factors and made a reasoned decision as to the appropriate sentence. The court reviewed the information contained in Jimenez's PSR and listened to both parties' arguments at the sentencing hearing, including defense counsel's concerns regarding Jimenez's health and substance-abuse problems. In explaining Jimenez's sentence, the court articulated a number of factors that went into the determination, including his cooperation with the court and his history of convictions for fleeing from the police via high-speed chases. Additionally, the court recommended Jimenez to the Residential Drug Abuse Program

---

[1]The Honorable Gregory Kays, Chief Judge, United States District Court for the Western District of Missouri.

for federal prisoners.  We are satisfied that the court did not abuse its discretion in making its sentencing determination.

Jimenez's additional argument regarding the disparity between his sentence and that of his co-defendant is waived because it was not developed in his brief as required by Federal Rule of Appellate Procedure 28(a)(8)(A). Rotskoff v. Cooley, 438 F.3d 852, 854 (8th Cir. 2006).  Jimenez failed to "provide any reasons or arguments" for his claim. Id. at 854–55 (quoting United States v. Zavala, 427 F.3d 562, 564 n.1 (8th Cir. 2005)).  Were it not waived, his argument would nevertheless fail.  Co-defendant Venegas has a criminal history of II, whereas Jimenez has a criminal history of IV.  The two defendants, who both received within-Guidelines sentences, have "legitimate distinctions," therefore the district court's imposition of different sentences was not an abuse of discretion. United States v. Davis-Bey, 605 F.3d 479, 483 (8th Cir. 2010).

Accordingly, we affirm the judgment of the district court.

_____