**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Billy J. SCHRADER, Defendant–**
**Appellant.**

No. 15–1881.

United States Court of Appeals,
Eighth Circuit.

Submitted: Feb. 8, 2016.

Filed: Feb. 29, 2016.

Kale B. Burdick, Special, Steven A. Russell, U.S. Attorney's Office, Lincoln, NE, for Plaintiff–Appellee.

Billy J. Schrader, Florence, CO, pro se.

John Vanderslice, Assistant, Federal Public Defender's Office, Lincoln, NE, for Defendant–Appellant.

Before SHEPHERD, BEAM, and KELLY, Circuit Judges.

PER CURIAM.

Billy J. Schrader pled guilty to producing child pornography in violation of 18 U.S.C. § 2251. He now appeals the 30–year statutory maximum sentenced imposed by the district court.[1] We affirm.

Schrader and Julia Thiemann, his wife, were indicted on five counts of production of child pornography and one count of possession of child pornography. The government offered Schrader a Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement providing for a sentence of 25 years imprisonment, but Schrader rejected the proposal. Thiemann accepted the government's offer of a Rule 11 plea agreement providing for 23 years imprisonment, and the district court later imposed that sentence.

After Schrader entered his guilty plea to one count of producing child pornography, the probation office prepared a presentence investigation report (PSR), which calculated a Sentencing Guidelines range for Schrader above the statutory maximum sentence for violating section 2251(a). Thus, the 30–year statutory maximum sentence became the advisory Sentencing Guidelines range.

At sentencing, Schrader did not object to the Sentencing Guidelines calculation. Instead, he moved for a downward variance pursuant to 18 U.S.C. § 3553(a), requesting a sentence of 23 years imprisonment, the same sentence his wife would likely—and later did—receive under her plea agreement. The government sought the imposition of the statutory maximum sentence of 30 years imprisonment. The district court heard argument from Schrader's counsel as well as Schrader's allocution.

After hearing arguments, the district court denied the motion for variance and sentenced Schrader to 30 years imprisonment. The court noted it imposed the sentence "[t]o reflect the seriousness of the offense, to promote respect for the law, to provide for just punishment, to afford

---

1. The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

deterrence, recognizing that the guidelines are advisory, and considering the statutory goals of sentencing . . . ." (Sent. Tr. at 24.)

Schrader appeals, arguing (1) the district court committed procedural error by failing to adequately explain its 30–year sentence, and (2) the sentence is substantively unreasonable.

After pronouncing the sentence, the court inquired of both Schrader and the government, "Do you wish any further elaboration of my statement of reasons?" (Sent. Tr. at 26.) Both declined further elaboration. Because Schrader failed to object to the district court's explanation of his sentence, we review any claim of procedural error for plain error only. *See* Fed. R.Crim.P. 52(b); *United States v. Burnette*, 518 F.3d 942, 946 (8th Cir.2008) ("Procedural sentencing errors are forfeited, and therefore may be reviewed only for plain error, if the defendant fails to object in the district court."). Under plain-error review, the defendant must show (1) an error, (2) that the error is plain, and (3) that the error affects the defendant's substantial rights. *See United States v. Pirani*, 406 F.3d 543, 550 (8th Cir.2005) (en banc). If those three conditions are met, then we may exercise our discretion to notice the forfeited error, " 'but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.' " *Id.* (quoting *Johnson v. United States*, 520 U.S. 461, 467, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997)).

We hold the district court did not commit error, much less plain error. The court heard the arguments in favor of Schrader's motion for downward variance and allocution from Schrader, noted the findings in the PSR, and specifically mentioned several other comparable defendants it had sentenced, before it listed the section 3553(a) factors and stated that it was considering those factors in imposing the sentence. *See United States v. Battiest*, 553 F.3d 1132, 1136 (8th Cir.2009) (holding sentencing court did not commit procedural error when record showed court had PSR, heard oral argument from both parties, and was aware of section 3553(a) factors). Accordingly, we reject Schrader's argument that the district court committed procedural error.

Schrader next argues his 30–year sentence` is substantively unreasonable because the court was set to sentence Thiemann, who entered into a Rule 11 plea agreement with the government, to 23 years imprisonment when she was only marginally less culpable as compared to Schrader. We review the district court's sentencing decision under a deferential abuse-of-discretion standard, *Gall v. United States*, 552 U.S. 38, 41, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007), and we discern no reversible error. Under 18 U.S.C. § 3553(a)(6), courts must consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." However, "it is not an abuse of discretion for a district court to impose a sentence that results in a disparity between co-defendants when there are 'legitimate distinctions' between the co-defendants." *United States v. Davis–Bey*, 605 F.3d 479, 483 (8th Cir.2010). At sentencing, the court inquired of the government why it believed Schrader was more culpable than Thiemann in the abuse. The government explained "most of the physical acts are being conducted by Mr. Schrader. [Thiemann] was knowledgeable of those acts, but as far as participation, . . . she did not have the more hands-on activities related to the sexual assaults, although she was involved in the activities." (Sent. Tr. at 22.) The PSR noted that some of the child pornography located on various electronic devices depicts

Thiemann's sexual abuse of the children, however the majority of the photographs and videos depict Schrader's exploitation of one of the children, including oral, vaginal, and anal penetration by Schrader. Accordingly, the sentence is not substantively unreasonable based on the seven-year disparity in the sentences.

We affirm Schrader's 30-year sentence.