# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-1243
_____

United States of America

*Plaintiff - Appellee*

v.

Richard Dean Roberts

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: November 14, 2016
Filed: November 23, 2016
[Unpublished]

_____

Before MURPHY, BENTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Richard Dean Roberts appeals his sentence imposed after he pled guilty to heroin distribution, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). The district court[1] sentenced Roberts to 24 months imprisonment. We affirm the sentence.

Roberts had previously been in a relationship with K.D. and had one child with her. On August 12, 2015, K.D. lost her job and began drinking with her friend and co-worker. She later contacted Roberts and asked if he would come to her home. Roberts and K.D. drank alcohol at K.D.'s residence. An obviously intoxicated K.D. then asked Roberts if she could use heroin and stated that she could not inject herself. Roberts injected a small amount of heroin—less than .1 gram—into K.D. K.D. overdosed and lost consciousness. Roberts could not revive K.D., so he called 9-1-1, and emergency medical technicians administered Narcan to revive K.D. K.D.'s 13 and 9 year old children were present at the residence during the overdose.

At sentencing, Roberts agreed that he was subject to an upward departure under U.S.S.G. § 5K2.2 ("If significant physical injury resulted, the court may increase the sentence above the authorized guideline range."). The presentence investigation report gave Roberts a total offense level of 10 and a criminal history category of I. Roberts requested a 3-level upward departure which would have made his Guidelines sentencing range 12 to 18 months. The government requested the district court impose a 24-month sentence. The district court determined a 5-level departure under U.S.S.G. § 5K2.2 was appropriate, giving Roberts a Guidelines sentencing range of 18 to 24 months. After considering the 18 U.S.C. § 3553(a) factors, the court sentenced Roberts to 24 months imprisonment.

Roberts appeals, arguing the district court plainly erred in giving him a harsher upward departure under U.S.S.G. § 5K2.2 than others similarly situated to him. See

---

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

United States v. Townsend, 618 F.3d 915, 918 (8th Cir. 2010) (holding failure to timely object to procedural sentencing error "means that the error is forfeited and may only be reviewed for plain error" (internal citation and quotation marks omitted)). Sentencing disparity is not a listed factor when deciding the extent of an upward departure under U.S.S.G. § 5K2.2 ("The extent of the increase ordinarily should depend on the extent of the injury, the degree to which it may prove permanent, and the extent to which the injury was intended or knowingly risked."). District courts consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct" when "determining the particular sentence to be imposed." 18 U.S.C. § 3553(a)(6). Because the court stated it considered the 18 U.S.C. § 3553(a) factors, which includes avoiding unwarranted sentencing disparities among similar defendants, as it determined Roberts's particular sentence, we find the district court did not plainly err. Accordingly, we affirm Roberts's sentence.

_____