# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-3208

_____

United States of America

*Plaintiff - Appellee*

v.

Makayla Kills In Water, also known as Makayla Iron Cloud

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Aberdeen

_____

Submitted: April 3, 2017
Filed: April 28, 2017
[Unpublished]

_____

Before GRUENDER, MURPHY, and KELLY, Circuit Judges.

_____

PER CURIAM.

Makayla Kills In Water pled guilty to assault resulting in serious bodily injury after having shaken her two year old stepdaughter. In her plea agreement, she and the government jointly recommended a sentence of seven years imprisonment. The

district court[1] sentenced her to ten years imprisonment, and Kills In Water appeals. She argues that the district court had either to accept the parties' joint sentencing recommendation or allow her to withdraw her guilty plea. We affirm.

Paragraph B of Kills In Water's plea agreement was entitled "PLEA AGREEMENT PROCEDURE - NO RIGHT TO WITHDRAW PLEA IF COURT REJECTS RECOMMENDATION." It provided as follows:

> The United States and the Defendant agree that this Plea Agreement is presented to the Court pursuant to Rule 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure which, among other things, authorizes the United States . . . to make recommendations or agree not to oppose the Defendant's request for a particular sentence. Such agreements and recommendations are not binding on the Court, and the Defendant may not withdraw his [sic] plea of guilty if the Court rejects them.

In the section that set out the parties' joint sentencing recommendation, the plea agreement stated that "[t]he Defendant understands that any recommendation made by her or the United States is not binding on the [Court]. The Defendant further understands that she may not withdraw her plea of guilty if the Court rejects any recommendation." During the change of plea hearing, Kills In Water orally confirmed several times that she understood that the sentencing recommendation did not bind the court and that she would not be permitted to withdraw her guilty plea if the court declined to follow the recommendation.

At sentencing the district court accepted the plea agreement and also acknowledged the joint recommendation of the parties. The court decided, however, not to follow the recommendation and sentenced Kills In Water to ten years

---

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

imprisonment because it considered her offense conduct to have been extreme, causing a permanent disability to her stepdaughter.

Kills In Water argues that the district court erred by failing to accept the plea agreement's joint sentencing recommendation and not allowing her the opportunity to withdraw her guilty plea. She argues that she entered into the plea agreement under Rule 11(c)(1)(C), which provides that the court must apply the agreed on sentence if it accepts the agreement. The plea agreement of Kills In Water stated clearly and repeatedly, however, that it had been entered into under Rule 11(c)(1)(B) so that the court could accept her guilty plea without allowing her to withdraw her plea even if the court were to reject its sentencing recommendation. See United States v. Schiradelly, 617 F.3d 979, 982 (8th Cir. 2010) (per curiam). The sentencing court was not bound by the parties' agreement and did not err by sentencing Kills In Water above its recommended sentence.

For these reasons we affirm the district court.

_____