# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-2113
_____

United States of America

*Plaintiff - Appellee*

v.

Omar Sharif Beasley

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul
_____

Submitted: April 9, 2018
Filed: September 27, 2018
[Unpublished]
_____

Before SMITH, Chief Judge, WOLLMAN and LOKEN, Circuit Judges.
_____

PER CURIAM.

Omar Sharif Beasley pleaded guilty to conspiracy to distribute heroin, methamphetamine, oxycodone, hydromorphone, hydrocodone, and methadone in violation of 21 U.S.C. § 846. In the plea agreement, the parties stipulated to guidelines calculations that would result in an advisory guidelines range of 360 months to life in prison based on a total offense level of 37 and a likely criminal

history category of VI. At sentencing, the district court[1] determined an advisory guidelines range of 360 months to life in prison and sentenced Beasley to 300 months. Beasley appeals the sentence. Concluding the district court did not abuse its substantial sentencing discretion, we affirm.

On appeal, Beasley argues the district court failed to adequately consider relevant mitigating factors and imposed a substantively unreasonable sentence that is "a mere 60-months below the bottom of the guidelines [range]" and "more than twice the amount of time given to anyone else involved in the case."

> We review substantive reasonableness under a deferential abuse of discretion standard, bearing in mind that, when a district court has sentenced a defendant below the advisory guidelines range, it is nearly inconceivable that the court abused its discretion in not varying downward still further. . . . The extent of a downward departure is not reviewable absent an unconstitutional motive.

United States v. Maxwell, 778 F.3d 719, 734-35 (8th Cir. 2015) (quotations and citations omitted). "[I]t is not an abuse of discretion for a district court to impose a sentence that results in a disparity between co-defendants when there are legitimate distinctions between the co-defendants." United States v. Davis-Bey, 605 F.3d 479, 483 (8th Cir. 2010) (quotation and citation omitted).

Here, after careful review of the sentencing record, we conclude that the district court considered all relevant sentencing factors. Beasley admitted in the plea agreement that he was an organizer or leader of a conspiracy that obtained at least 10 kilograms of heroin and substantial quantities of other controlled substances in Minneapolis, Detroit, and Chicago that the conspirators then distributed in and around

---

[1] The Honorable John R. Tunheim, Chief Judge of the United States District Court for the District of Minnesota.

Indian reservations in northern Minnesota. The Presentence Investigation Report recited without objection that Beasley began operating the drug-trafficking organization shortly after his release from prison for a 2008 supervised release violation and a 2010 drug-trafficking offense, and that he was arrested while traveling from Minneapolis to northern Minnesota with a large quantity of heroin.

The district court carefully weighed the mitigating factors urged by Beasley, the need to avoid unwarranted sentencing disparities, the seriousness of Beasley's offense, his serious criminal history and quick return to drug-dealing after his last incarceration, and the impact of distributing an enormous volume of drugs to vulnerable Native American communities. "The district court has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." United States v. Bridges, 569 F.3d 374, 379 (8th Cir. 2009). There was no abuse of the district court's substantial sentencing discretion. This is not the "unusual case when we reverse a district court sentence" as substantively unreasonable. United States v. Feemster, 572 F.3d 455, 464 (8th Cir. 2009) (en banc) (quotation omitted).

The judgment of the district court is affirmed. We deny the pending *pro se* motion.

_____