# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-1514
_____

United States of America

*Plaintiff - Appellee*

v.

Cortez Ingram

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis
_____

Submitted: January 12, 2024
Filed: February 6, 2024
_____

Before BENTON, ERICKSON, and KOBES, Circuit Judges.
_____

BENTON, Circuit Judge.

Cortez Ingram pled guilty to possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). The parties jointly recommended an 87-month sentence. The district court[1] departed upward,

_____

[1]The Honorable Stephen R. Clark, Chief Judge, United States District Court for the Eastern District of Missouri.

sentencing him to 123 months in prison and three years of supervised release. He appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

I.

Ingram argues the court was bound by the plea agreement to sentence him to 87 months. Because Ingram did not object at sentencing, this court reviews for plain error. *See United States v. Smith*, 590 F.3d 570, 576 (8th Cir. 2009). On plain error review, this court determines whether there was (1) an error, (2) that "is clear and obvious," (3) that affected "substantial rights," and (4) that seriously affected the "fairness, integrity or public reputation of judicial proceedings." *Id.*

The parties entered a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(A). An agreement under subsection (A) is binding on the government and the defendant, but not the court. *See* **Fed. R. Crim. P. 11(c)(1)(A)** (noting "the plea agreement may specify that" the government will "not bring" or "move to dismiss" charges). Despite the plea agreement's explicit language, Ingram asserts it was also entered pursuant to Rule 11(c)(1)(C), converting it from a nonbinding agreement under subsection (A) to a binding one under subsection (C). *See* **Fed. R. Crim. P. 11(c)(1)(C)** (noting that a recommendation or request under this provision "binds the court once the court accepts the plea agreement").

This assertion has no basis in the record. The plea agreement stated that it was entered "Pursuant to Rule 11(c)(1)(A)," that the court "is not bound by the Guidelines analysis agreed to herein," and that the court "may, in its discretion, apply or not apply any Guideline despite the agreement herein, and the parties shall not be permitted to withdraw from the plea agreement." *See United States v. Schiradelly*, 617 F.3d 979, 982 (8th Cir. 2010) (holding that nonbinding language in the plea agreement makes clear that "the plea agreement's sentencing recommendation was just that—a recommendation"). In the plea colloquy, the district court reiterated these provisions. Ingram confirmed he understood them.

The district court's acceptance of the plea agreement also did not convert it to a binding agreement. *See id.* at 981-82 (rejecting the argument that a district court bound itself to a plea agreement's recommended sentence by accepting the agreement). The court did not err in declining to accept the parties' sentencing recommendation. *See United States v. Kills in Water*, 684 Fed. Appx. 585, 586 (8th Cir. 2017) (holding that the district court was not bound by the parties' recommended sentence in the plea agreement where the agreement clearly stated it was entered under one of Rule 11's nonbinding provisions).

## II.

Ingram asserts the district court erred in departing upward to impose an above-guidelines 123-month sentence (range was 70 to 87 months). "A district court's decision to depart upward from the advisory guideline range is reviewed for abuse of discretion, and the extent of that departure is reviewed for reasonableness." *United States v. Calf*, 835 Fed. Appx. 898, 899 (8th Cir. 2021).

Sentencing Ingram, the court relied, in part, on two separate incidents: (1) Ingram's possession of cocaine in 2021 (the charged offense); and (2) Ingram's possession of cocaine and a loaded firearm during his arrest in 2022 (the uncharged conduct). Ingram believes the court erred by basing its sentence on the uncharged conduct. But the court was not prohibited from considering this conduct. Under U.S.S.G. § 5K2.21:

> The court may depart upward to reflect the actual seriousness of the offense based on conduct (1) underlying a charge dismissed as part of a plea agreement in the case, or underlying a potential charge not pursued in the case as part of a plea agreement or for any other reason; and (2) that did not enter into the determination of the applicable guideline range.

*See United States v. Azure*, 536 F.3d 922, 932-33 (8th Cir. 2008) (holding that district courts may rely on dismissed charges or uncharged conduct in "fashioning a

reasonable sentence" even if the conduct was dismissed "as part of a plea agreement in the case"). This court has repeatedly upheld upward departures under § 5K2.21 based on uncharged conduct. *See, e.g.*, *United States v. Brave Bull*, 828 F.3d 735, 739 (8th Cir. 2016) (holding that the district court did not plainly err in departing upward under § 5K2.21 based on conduct that was dismissed as part of a plea agreement). The district court did not abuse its discretion in departing upward.

Nor is the extent of the departure unreasonable. The court considered "all of the 3553(a) factors as I've explained them and discussed them and considered them." It did not abuse its discretion in imposing a 123-month sentence. *See Calf*, 835 Fed. Appx. at 899-900 (holding no abuse of discretion in considering the § 3553(a) factors, including "conduct in the underlying dismissed charge").

III.

Ingram believes he should have had access to the probation officer's sealed sentencing recommendation. Ingram did not object at sentencing, so review is for plain error. *Zurheide*, 959 F.3d at 921. Under Fed. R. Crim. P. 32(e)(3):

> By local rule or by order in a case, the court may direct the probation officer not to disclose to anyone other than the court the officer's recommendation on the sentence.

In the United States District Court for the Eastern District of Missouri, two local rules govern the disclosure of the probation officer's sentencing recommendation. The first is the court's Local Rule 13.01(B):

> Except as authorized by law, all records created or maintained by the U.S. Probation Office and the U.S. Pretrial Services Office are subject to disclosure only by order of the Court entered upon a motion alleging the movant's need for specific information contained in such records. When a demand by way of subpoena or other judicial process is made of an officer either for copies of records or testimony relating thereto, the officer may petition the Court for instructions.

**United States District Court Eastern District of Missouri, Local Rules, 13.01(B)**. The second is the court's Administrative Order about sentencing procedures:

> Not less than 35 days before the sentencing hearing, the PSR, including guideline computations, shall be completed and a copy electronically delivered via CM/ECF to counsel for the defendant and the government. It is the responsibility of the defendant's attorney to provide a copy of the presentence report to the defendant. Except for the recommended conditions, the U.S. Probation Office's recommendation as to sentence will not be disclosed.

**United States District Court Eastern District of Missouri, Administrative Order,** *In re: Sentencing Procedures* (Jan. 20, 2017).

Taken together, these rules prohibit the court from disclosing the probation officer's sentencing recommendation. The court did not err, let alone plainly err, in failing to sua sponte disclose the sentencing recommendation to Ingram. *See United States v. Behler*, 14 F.3d 1264, 1273 (8th Cir. 1994) (holding no Rule 32 violation where the district court filed the probation officer's sentencing recommendation under seal because the defendant was not entitled to disclosure of it).

\* \* \* \* \* \* \*

The judgment is affirmed.

_____