# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-3162
_____

United States of America

*Plaintiff - Appellee*

v.

Ethan Driskill

*Defendant - Appellant*

_____

No. 23-3513
_____

United States of America

*Plaintiff - Appellee*

v.

Marchello Oliver

*Defendant - Appellant*

_____

Appeals from United States District Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: June 10, 2024
Filed: November 12, 2024
_____

Before LOKEN, ERICKSON, and GRASZ, Circuit Judges.
_____

LOKEN, Circuit Judge.

A superseding indictment charged Ethan Driskill with distribution of a mixture containing fentanyl which resulted in a person's death (Count One); two counts of distributing a mixture containing fentanyl (Counts Three and Four); possession with intent to distribute over 40 grams of a mixture containing fentanyl (Count Five); possession of a firearm in furtherance of a drug trafficking crime (Count Six); and unlawful possession of a firearm as a felon (Count Seven). The indictment also charged Marchello Oliver with two counts of distributing a mixture containing fentanyl (Counts Eight and Nine); possession with intent to distribute over 40 grams of a mixture containing fentanyl (Count Ten); possession with intent to distribute a mixture containing cocaine (Count Eleven); possession of a firearm in furtherance of a drug trafficking crime (Count Twelve); and unlawful possession of a firearm as a felon (Count Thirteen). Both Driskill and Oliver were charged with conspiracy to distribute a mixture containing fentanyl (Count Two).

Pursuant to plea agreements, Oliver pleaded guilty to Count Ten and Driskill pleaded guilty to Count One. The district court[1] sentenced Oliver to 168 months imprisonment, an above guidelines-range sentence. The court sentenced Driskill to 456 months imprisonment for distributing a fentanyl mixture that resulted in the death

_____

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

of a person, a within-range sentence. Defendants appeal; each argues his sentence is substantively unreasonable.

We first review a district court's sentence for significant procedural errors, which include "selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range." United States v. Ross, 29 F.4th 1003, 1007 (8th Cir. 2022), cert. denied, 143 S. Ct. 2690 (2023). If there is no significant procedural error, we review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard. "A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." United States v. Neri, 73 F.4th 984, 988 (8th Cir. 2023) (quotation omitted). Applying these standards, we affirm the sentences imposed on Oliver and Driskill.

## I. Oliver

Oliver pleaded guilty to possession with intent to distribute over 40 grams of a mixture containing fentanyl. This offense triggers a statutory mandatory minimum sentence of five years and a maximum sentence of forty years imprisonment. See 21 U.S.C. § 841(a)(1), (b)(1)(B)(vi). Based on a total offense level of 25 and a Category III criminal history, Oliver's Presentence Investigation Report ("PSR") calculated a guideline imprisonment range of 70 to 87 months. The PSR recommended an above-guidelines sentence of 180 months imprisonment based upon an upward departure under USSG § 5K2.1 because Oliver's "conduct resulted in death." See United States v. Bollinger, 893 F.3d 1123, 1125 (8th Cir. 2018). The PSR reported that Oliver sold fentanyl to Ashley Talley. Talley's friend, Brandi Wooten, ingested fentanyl later that day and was brought to the hospital by Talley

that night where she was pronounced dead. Wooten's death was consistent with a fentanyl overdose.

Prior to the sentencing hearing, the government moved for a § 5K2.1 upward departure. Oliver objected. He admitted supplying Talley with fentanyl. However, Talley told investigators she had more than one supplier and someone else supplied the fentanyl that resulted in Wooten's death, only later changing her story to claim that Oliver was the supplier. Oliver stated he did not know the victim, Wooten. At the lengthy sentencing hearing, the government introduced testimony by Talley, DEA Special Agent Robert Robinson, Deputy Coroner Nick Gregory, and Deputy Sheriff Ralph Bartley, who investigated the Wooten overdose. After argument, the district court found "by a preponderance of the evidence that the government has established that Mr. Oliver . . . was the source of the fentanyl that Ms. Wooten consumed and that fentanyl overdose was ultimately the 'but for' proximate cause of her death." The court granted the government's motion for a seven-level upward departure, resulting in an offense level of 32 and an advisory guidelines sentencing range of 151 to 188 months. The court imposed a mid-range sentence of 168 months imprisonment.

**A. Alleged Procedural Errors.** Oliver first argues the district court erred in applying the § 5K2.1 departure because he "did not sell any fentanyl directly to" Wooten. This argument is without merit; we have upheld § 5K2.1 departures in cases where the defendant's distribution of fentanyl resulted in the death of a person when the defendant did not directly sell the death-causing drugs to the victim. See United States v. Harris, 44 F.4th 819, 823 (8th Cir. 2022); United States v. Nossan, 647 F.3d 822, 827 (8th Cir. 2011) ("We see no basis for foreclosing departure under § 5K2.1 when a defendant puts into motion a chain of events that risks serious injury or death, even when an intent to harm is entirely absent and the defendant was not directly responsible for the death.") (quotation omitted).

Oliver further argues the evidence does not support the court's finding that Oliver sold fentanyl to Talley on the day of Wooten's death. Talley testified Oliver sold her fentanyl powder that day. Oliver argues this testimony is "vastly different from the multitude of stories that [Talley] previously told law enforcement." The district court acknowledged "some credibility problems" but determined that "Talley was telling the truth" during the hearing based on her consistent chronology of events, corroborated by multiple sources including texts, calls, and Cash App payments between Talley and Oliver on the day of Wooten's death. Oliver notes a comment in the coroner's report -- Wooten was "possibly seen buying pills" with Talley at a residence under police surveillance that day. In crediting Talley's corroborated testimony that she only bought drugs from Oliver that day, the court found that any contrary inference raised by this "stray comment" was overcome by the government's supporting evidence. As in United States v. Sherrod, Oliver "asks us to overturn the court's credibility determinations, which are 'virtually unreviewable on appeal.'" 966 F.3d 748, 752 (8th Cir. 2020), quoting United States v. Coleman, 909 F.3d 925, 929 (8th Cir. 2018).

Oliver further argues the district court committed procedural error by failing to consider "matters that would normally distinguish among levels of homicide." USSG § 5K2.1; see 18 U.S.C. § 3553(a)(5). We disagree. At sentencing, the district court read the resulting-death policy statement and instructed the government to address the "[m]atters that would normally distinguish among levels of homicide." The court then heard argument from both parties and expressly considered this issue: "[N]o one believes that Mr. Oliver had a specific intent or a specific state of mind that anyone was going to overdose and die as a result of this. . . . But the Court nevertheless believes that the defendant was knowingly engaging in very reckless conduct." This is more than adequate to demonstrate the required consideration. See Ross, 29 F.4th at 1007-08. We conclude the district court did not procedurally err in applying the § 5K2.1 departure.

**B. Substantive Reasonableness.** Oliver argues his sentence is substantively unreasonable because § 5K2.1 departures resulted in sentences less than Oliver's, despite "more egregious facts," in two District of South Dakota cases, United States v. Mousseau, 517 F.3d 1044 (8th Cir. 2008), and United States v. Merrival, 176 F.3d 1079 (8th Cir. 1999). "We review the extent of a departure for abuse of discretion." Bollinger, 893 F.3d at 1125.

Among the factors Congress has directed sentencing courts to consider is "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). However, "[s]entencing disparity is not a listed factor when deciding the extent of an upward departure" under § 5K2.1. United States v. Roberts, 670 F. App'x 901, 902 (8th Cir. 2016). "The sentencing practices of one district court . . . are not a reference point for other courts." Bollinger, 893 F.3d at 1126 (citation and quotations omitted). Oliver's argument "is at base a disagreement with the weighing of the § 3553(a) factors and does not demonstrate an abuse of discretion." Id.

Here, the district court considered its prior cases and other Eighth Circuit cases "to ground [it]self in what other courts were doing" before determining that a seven-level upward departure was appropriate because Oliver "knew that this was dangerous conduct that he was engaging in and that he continued to engage in that conduct for profit." See United States v. Watley, 46 F.4th 707, 716-17 (8th Cir. 2022) (upholding seven-level departure). The court did not abuse its discretion in determining the extent of the § 5K2.1 departure and did not impose a substantively unreasonable in-range sentence.

## II. Driskill

Driskill pleaded guilty to Count One, distribution of a mixture containing fentanyl resulting in a person's death. This offense triggered a twenty-year

mandatory minimum term of imprisonment with a maximum term of life. See 21 U.S.C. § 841(a)(1), (b)(1)(C). At sentencing, the district court determined a total offense level of 37 and a Category VI criminal history, resulting in an advisory guidelines range of 360 months to life and a mandatory minimum 240 months imprisonment. The court imposed a within-range sentence of 456 months. Driskill does not challenge the court's guidelines range determination or allege other procedural error. Thus, "we move directly to the second step" and review for substantive reasonableness. United States v. Arnold, 835 F.3d 833, 842 (8th Cir. 2016). We apply a presumption of reasonableness to Driskill's within-range sentence. See, e.g., United States v. Jones, 990 F.3d 1141, 1144-45 (8th Cir. 2021).

Driskill first argues the district court failed to give reasonable weight to relevant mitigating factors, resulting in a sentence greater than necessary to effectuate the purposes of sentencing. At sentencing, the court discussed the mitigating factors on which Driskill relies, concluding "they provide profound context that suggest that your upbringing was built on such a shaky foundation that you probably had no chance in life. . . . It doesn't excuse what you did, but it does provide significant mitigating context that the Court has taken into consideration here." Driskill's argument on appeal expresses disagreement with the court's weighing of the relevant sentencing factors, but this does not warrant reversal. See United States v. Starr, 111 F.4th 877, 880 (8th Cir. 2024). Because we afford the district court "substantial latitude . . . in weighing the relevant factors under 18 U.S.C. § 3553(a)," Driskill fails to rebut the presumption that his within-guidelines sentence is not substantively unreasonable. Jones, 990 F.3d at 1145.

Driskill further argues the disparity between his 456-month sentence and co-defendant Oliver's 168-month sentence for the same conspiracy establishes the substantive unreasonableness of Driskill's sentence. "[I]t is not an abuse of discretion for a district court to impose a sentence that results in a disparity between co-defendants when there are legitimate distinctions between the co-defendants."

<u>Arnold</u>, 835 F.3d at 842-43 (quotation omitted). Here, the same district judge sentenced co-defendant conspirators, and there are legitimate distinctions between co-defendants Driskill and Oliver.

First, while both were involved in the same conspiracy, they pleaded guilty to different offenses to which different statutory penalty ranges applied under 21 U.S.C. § 841(b)(1)(B)(vi) and (b)(1)(C). <u>See</u> <u>United States v. Farah</u>, 899 F.3d 608, 616-17 (8th Cir. 2018), <u>cert. denied</u>, 139 S. Ct. 1275 (2019). The district court expressly took into consideration that Driskill and Oliver, while pleading guilty to different crimes, engaged in similar conduct. The court departed upward in sentencing Oliver but stayed within the guidelines range in sentencing Driskill.

Second, Driskill's criminal history category was significantly higher than Oliver's. <u>See</u> <u>United States v. Davis-Bey</u>, 605 F.3d 479, 482-83 (8th Cir. 2010). In sentencing Driskill, the court reviewed the PSR's "51 paragraphs of adult criminal convictions" acquired in only thirteen years, noting that "this repetitive pattern, this revolving door through the criminal justice system . . . suggests that you are someone who is highly likely to recidivate unless you can figure this out." By contrast, Oliver had only 6 points and was in criminal history Category III.

We conclude that the district court did not abuse its discretion by imposing a substantively unreasonable sentence on Driskill.

The judgments of the district court are affirmed.

_____