# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-1002
_____

United States of America

*Plaintiff - Appellee*

v.

Marcus Brian Rexrode

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of North Dakota - Eastern
_____

Submitted: January 13, 2025
Filed: August 8, 2025
_____

Before LOKEN, ARNOLD, and KELLY, Circuit Judges.
_____

LOKEN, Circuit Judge.

In May 2023, Marcus Rexrode attempted to deliver marijuana he had agreed to sell to sixteen-year-old J.M. When he approached J.M. at the agreed location, J.M. pointed a handgun and demanded the marijuana. Rexrode then pointed his handgun at J.M., whose companion also produced a firearm and fired at Rexrode. Rexrode ran while shooting backward at the two men. One bullet hit J.M. in the chest, resulting in his death. Rexrode, who had a prior felony conviction, entered into a pre-

indictment plea agreement under Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure, agreeing to plead guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The government agreed to dismiss a murder charge. See 18 U.S.C. § 924(c).

The plea agreement provides that the parties agree the base offense level under the advisory Sentencing Guidelines is 20; a 4-level upward adjustment applies under USSG § 2K2.l(b)(6)(B) for firearm possession in connection with another felony offense; the government will request 3-level downward adjustments for acceptance of responsibility under USSG §§ 3El.l(a) and 3El.l(b); and the parties will jointly recommended a sentence of 180 months imprisonment. The parties recognized that "[t]he Court may depart from the applicable guidelines range if the Court, on the record, states factors not contemplated by the Sentencing . . . Commission to justify the departure." Both reserved the right to object to a departure.

Based on the agreement, the Presentence Investigation Report (PSR) calculated Rexrode's total offense level at 21, a criminal history category of II, and a guidelines range of 41 to 51 months imprisonment. The PSR identified grounds for departures under USSG § 5K2.1 for an offense resulting in death and USSG § 5K2.21 for conduct not charged under § 924(c), departures reflecting the reasons the parties agreed to an above-guidelines 180-month sentence. Neither party objected to the PSR. The district court[1] adopted the PSR and its findings of fact.

At sentencing, despite the plea agreement, Rexrode requested a within-range sentence. The district court assessed the 18 U.S.C. § 3553(a) sentencing factors and applied the upward departures pursuant to § 5K2.1 and § 5K2.21, increasing the total offense level to 29 and the guidelines range to 97 to 121 months imprisonment. The

---

[1]The Honorable Peter D. Welte, Chief Judge, United States District Judge for the District of North Dakota.

court sentenced Rexrode to 120 months imprisonment -- 60 months below the parties' 180-month joint recommendation.

Rexrode appeals, arguing the court procedurally erred by applying guidelines departures and abused its discretion by imposing a substantively unreasonable sentence. "We first review a district court's sentence for significant procedural errors . . . ." United States v. Driskill, 121 F.4th 683, 686 (8th Cir. 2024). Procedural error exists if the court "fail[ed] to calculate (or improperly calculat[ed]) the Guidelines range." United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (quotation omitted). If no procedural error exists, "we review the substantive reasonableness of a sentence." Driskill, 121 F.4th at 686.

Rexrode's procedural error argument is without merit. First, Rexrode agreed to a joint recommendation of 180 months imprisonment, accepted that the court could depart from the guidelines range if there was justification, and specifically agreed that Criminal Rule 11(c)(1)(C) "does not apply." Therefore, "it is clear that the plea agreement's sentencing recommendation was just that -- a recommendation." United States v. Schiradelly, 617 F.3d 979, 982 (8th Cir. 2010). Rexrode did not object to the court-adopted PSR, which identified the § 5K2.1 and § 5K2.21 departures as potentially applicable and appropriate. Moreover, these departures were the basis for the parties' above-range joint recommendation, and the court imposed a sentence substantially below the recommended 180 months. "We have previously held that by consenting to a specific sentence in a plea agreement, the defendant waives the right to challenge that sentence on appeal." United States v. Livingston, 1 F.3d 723, 725 (8th Cir. 1993), and cases cited.

Second, if Rexrode did not waive his right to appeal guidelines departures, he did not object to them at sentencing, so our review is for plain error. United States v. Ingram, 91 F.4th 1271, 1273 (8th Cir. 2024). At sentencing, the district court noted that the 120-month sentence being imposed "is the sentence that the Court would

have imposed regardless of offense level computation based on the 3553(a) factors." Therefore, any sentencing error was harmless, and Rexrode's substantial rights were not affected by application of either departure. See, e.g., United States v. Kucharo, 127 F.4th 1152, 1161 (8th Cir. 2025). Any sentencing error is harmless when the court "indicates it would have alternatively imposed the same sentence even if a lower guideline range applied." United States v. Holmes, 87 F.4th 910, 914 (8th Cir. 2023) (quotation omitted).

Moreover, even crediting Rexrode's claim that he shot J.M. in self defense, there is "no basis for foreclosing departure under § 5K2.1 when a defendant puts into motion a chain of events that risks serious injury or death, even when an intent to harm is entirely absent and the defendant was not directly responsible for the death." United States v. Nossan, 647 F.3d 822, 827 (8th Cir. 2011) (quotation omitted). As for the § 5K2.21 departure, it is well-established that "district courts may rely on dismissed charges or uncharged conduct in fashioning a reasonable sentence even if the conduct was dismissed as part of a plea agreement in the case." Ingram, 91 F.4th at 1274 (quotation omitted). There was no error, much less plain error, in applying these departures.

Third, the plea agreement contained an appeal waiver which provided that Rexrode waives "all rights to appeal . . . Defendant's conviction or sentence" but "reserves the right to appeal a sentence of imprisonment imposed above the upper end of the applicable guidelines range." The adjusted guidelines range after including the departures was 97 to 121 months imprisonment. Thus, the 120-month sentence imposed fell within the applicable guidelines range and Rexrode waived his right to appeal that sentence. "A defendant may not challenge an application of the Guidelines to which he agreed in a plea agreement (unless he proves the agreement invalid or succeeds in withdrawing from it)." United States v. Krzyzaniak, 702 F.3d 1082, 1084 (8th Cir. 2013) (quotation omitted).

Rexrode also argues his sentence is substantively unreasonable because the 120 months imprisonment was significantly higher than the guidelines range. This argument seems based on the assumption that we will agree with his procedural error contention because if the departures were properly applied, as we have concluded, then the 120-month sentence is within the applicable guidelines range. Moreover, as noted, by consenting to a 180-month sentence in the plea agreement, Rexrode waived the right to challenge the reasonableness of that sentence, or a lower sentence, on appeal. Livingston, 1 F.3d at 725.

"We review the substantive reasonableness of a sentence for abuse of discretion." United States v. Maluoth, 121 F.4th 1158, 1163 (8th Cir. 2024). At sentencing, the district court heard from the victim's family, listened to Rexrode's allocution, and extensively explored the § 3553(a) sentencing factors. The court acknowledged that Rexrode's shooting was likely a matter of self defense but determined that other sentencing factors weighed toward varying upward. This is not "the unusual case when we reverse a district court sentence -- whether within, above, or below the applicable Guidelines range -- as substantively unreasonable." Feemster, 572 F.3d at 464. "Simply because the district court weighed relevant factors more heavily than [Rexrode] would prefer does not mean the district court abused its discretion." Maluoth, 121 F.4th at 1165 (cleaned up).

The judgment of the district court is affirmed.

_____